## P. H. LANIUS, EXECUTOR, v. ANNA E. FLETCHER ET AL.

### No. 1694. Decided May 8, 1907.

**1.—Conflict of Laws—Will.**

The principle that the law of testator's domicile governs the disposition by will of personal property does not apply where it is manifest that the testator had in mind the law of another jurisdiction, in which the property was situated. (P. 553.)

**2.—Same—Trust.**

The will of testatrix domiciled in Illinois bequeathed to her married daughter personal property located in Texas and managed by her agent there, who was named as executor, with provision that he should hold the property as trustee, paying the devisee the interest only during the lifetime of her husband. The estate was administered by the executor, and under the laws of Illinois the devisee would have been entitled to have the administration and trust closed and to receive the body of the property, though her husband still lived. Held that the testatrix should be presumed to have intended the application of the laws of Texas to the construction and effect of her will, whereby the trust still continued. (Pp. 552–555.)

**3.—Will—Trust.**

Neither the policy nor the statute laws of Texas prevented such disposition of her property by a testatrix as would leave same in control of a trustee, directed to pay only the income thereof to the devisee so long as the husband of such devisee lived, and such trust will be enforced by the courts, though the executor, who was made such trustee, had otherwise fully administered and held the estate ready for distribution. (Pp. 555, 556.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

Lanius appealed from an adverse judgment in proceedings brought by Mrs. Fletcher and her husband, and on affirmance obtained writ of error.

*Stuart & Bell,* for plaintiff in error.—Although a trust created by a will may not be enforced under the laws of the testator's domicile at time of his death, yet if the testator intended and directed that the property included in the trust should be sent to another State where said trust is enforcible and there administered, said trust is legal and should be upheld. Monday v. Vance, 92 Texas, 433; Simonton v. White, 93 Texas, 50; Sickles v. City of New Orleans, 80 Fed. Rep., 863; Hope v. Brewer, 18 L. R. A., 458; Page on Wills, 32, 33, sec. 35; Mount v. Tuttle, 40 Misc. (N. Y.), 456.

As John S. Fletcher is still living, and as a trust created for his wife's benefit against his improvidence is valid in law, the trial court erred in holding that the trust should be closed. Bennett v. Bennett, 4 L. R. A. (N. S.), 470; Kean v. Kean (Ky.), 18 S. W. Rep., 1032, and 19 S. W. Rep., 184; Simonton v. White, 93 Texas, 50; Claflin v. Claflin, 149 Mass., 19, 14 Am. St. Rep., 393; Monday v. Vance, 92 Texas, 433; Broadway Nat'l Bank v. Adams, 133 Mass., 170, 43 Am. Rep., 504; Berry v. Spivey, 17 Texas Ct. Rep., 11; Ware v. Richardson, 3 Md., 505, 56 Am. Dec., 763.

*Robert E. Cofer,* for defendants in error.—The law of the testatrix last domicile controls not only the construction of the testamentary bequests in trust, but also the validity or invalidity of particular bequests in trust, the subject of the trust being personal property, and that no matter where it is located. The exception and qualification relied upon by plaintiff in error is strictly limited by the authorities to trusts for charitable uses and that character of bequests. This line of authority has never been attempted by any court to be applied to the ordinary case of a bequest in trust to one person for the benefit of another. Wheeler v. Hollis, 19 Texas, 527; Mills v. Herndon, 60 Texas, 355; Holman v. Hopkins, 27 Texas, 38; Hurst v. Mellinger, 73 Texas, 188; Rosenbaum v. Garrett, 57 N. J. Eq., 186; Cross v. U. S. Trust Co., 131 N. Y., 330, 27 Am. St. Rep., 597, 15 L. R. A., 606; Knox v. Jones, 47 N. Y., 395; Despard v. Churchill, 53 N. Y., 192; Parsons v. Lyman, 20 N. Y., 103; Bascom v. Albertson, 34 N. Y., 587; Moultrie v. Hunt, 23 N. Y., 334; Dammert v. Osborn, 140 N. Y., 30, Reargument, 141 N. Y., 564; Whitney v. Dodge, 105 Calif., 192; Estate of Apple, 66 Calif., 432; Penfield v. Tower, 1 N. Dak., 216; Fellows v. Miner, 119 Mass., 541; Sohier v. Burr, 127 Mass., 221; Sewell v. Wilmer, 132 Mass., 136; Cutting v. DeSartiges, 16 L. R. A., 369; Swearingen v. Morris, 14 Ohio St., 428; Jones v. Habersham, 107 U. S., 174; Eidman v. Martinez, 184 U. S., 581; Story on Conflict of Laws, secs. 465-467; 22 Am. & Eng. Enc. of Law (2d ed.), 1369, "Particular Testamentary Dispositions," also 1370, "Gifts to Charities"; Page on Wills, sec. 31, end on p. 30, also sec. 35, p. 32. Cross v. U. S. Trust Co.

(supra) has been followed on this point in New York cases. (a) By Supreme Court Appellate Division in McKenzie v. McKenzie, 23 N. Y. Supp., 270; Mernett v. Corlies, 24 N. Y. Supp., 561; Matthews v. Studley, 45 N. Y. Supp., 201; English v. McIntyre, 51 N. Y. Supp., 702; Roosevelt v. Porter, 73 N. Y. Supp., 804. (b) Federal Court in District of New York in Ruckgaber v. Moore, 104 Fed. Rep., 954. (c) Supreme Court of United States (N. Y. Case) in Eidman v. Martinez, 184 U. S., 581.

This rule of international and interstate comity (fully sustained by the foregoing authorities) is a part of the municipal law of Texas, and equally as binding upon the courts of Texas as any other rule of purely domestic origin. Our courts must recognize and enforce the rights, which individuals have and claim under the rule. Cross v. U. S. Trust Co., 131 N. Y., 330, 27 Am. St. Rep., 127, 15 L. R. A., 606; Parsons v. Lyman, 20 N. Y., 112; Swearingen v. Morris, 14 Ohio St., 428.

BROWN, ASSOCIATE JUSTICE.—Anna E. Fletcher, joined by her husband, John S. Fletcher, began a proceeding in the County Court of Cooke County, whereby they sought to have P. H. Lanius, the executor of the last will of Mrs. Mary A. Gilpin close up the estate and deliver the property over to the legatees, who were the said Anna E. Fletcher and her two brothers. The County Court decided against the applicants, from which decision Mrs. Fletcher appealed to the District Court. In the District Court she filed an independent suit whereby she sought to have the District Court to construe the will of Mrs. Mary A. Gilpin to declare closed a trust created by the said will in which P. H. Lanius was made the trustee and the said Anna E. Fletcher the beneficiary. The two actions were consolidated in the District Court and the proceedings under review were had in the consolidated case, which was tried before the district judge, who filed the following conclusions of fact:

" '1. As to matters of fact I find that on the 17th day of January, 1902, Mary A. Gilpin made her last will by which she bequeathed her estate to her three children, to wit: to her daughter, Anna E. Fletcher, plaintiff herein, and to her two sons Charles and Frank Gilpin.

" 'As to that part of her estate bequeathed to plaintiff Anna E. Fletcher the will provides as follows, viz: " 'Mr. P. H. Lanius shall hold her (Mrs. Anna E. Fletcher's) portion as trustee, and keep it invested paying her the interest during the lifetime of her husband John S. Fletcher, and only the interest shall be paid her.'

" 'The defendant Lanius was named in said will as executor thereof.

" '2. The said Mary A. Gilpin died in the month of March, 1904, in the city of Quincy in the State of Illinois, that being her domicile and place of residence at that time.

" '3. The greater part of the estate of said Mary A. Gilpin, which consisted wholly of personal property, was in Texas, and in the hands of said Lanius at the time of her death, he having been managing and investing it for her some time prior to her death. And on the        day of        1904 said will was duly probated in the County Court of Cooke County, Texas, and the said Lanius qualified as executor thereof and has since then been acting as such executor and as trustee for the portion of the estate bequeathed to plaintiff.

" '4. I find that plaintiff is of lawful .age and under no disability save covertine (coverture). I also find as a fact that under the law of the State of Illinois the status.of a married woman in relation to her property is the same as that of a feme sole.

" 'I also find, as a fact, that under the law of Illinois the plaintiff would be entitled to terminate the trust imposed upon the estate given to her by said will and to receive from the executor and trustee the body of said estate as well as the income therefrom, notwithstanding the expression contained in said will to the contrary.' "

The district judge entered judgment terminating the trust and directing that the judgment of the District Court be certified to the County Court for observance, wherein it was directed that the estate be settled by the executor in accordance with the judgment of the District Court and the property be partitioned and delivered to the legatees Mrs. Anna E. Fletcher and her two brothers according to the terms of the will. From this judgment appeal was taken to the Court of Civil Appeals where the judgment of the lower court was affirmed in part but reversed insofar as it gave judgment that the costs be paid out of the estate, and judgment was entered against Lanius for all costs of the proceeding.

For the purposes of this case we accept as sufficient the following finding of the trial court: "That under the law of- Illinois the plaintiff would be entitled to terminate the trust imposed upon the estate given to her by said will and to receive from the executor the trustee the body of the said estate as well as the income therefrom, notwithstanding the expression contained in the said will to the contrary." The first question that arises for our determination is, shall we apply to · the facts of this case the rule of decision as thus found in the State of Illinois, or shall we apply the law of Texas.

It is well settled that the law of the State where the testatrix had her domicile shall govern the disposition of personal property wherever the property may be located, unless it clearly appears that Mrs. Gilpin had in mind the laws of Texas at the time she made her will. This rule is clearly and tersely expressed as follows: "The law of the testator's last domicile governs the construction and interpretation of the will in respect to the trust, and likewise the validity of the disposition, the rights, powers and duties of the trustee, and all questions of title between him and the cestui que under the will, unless, of course, it is manifest that the testator had in mind the law of another jurisdiction." (22 Am. & Eng. Ency. Law, p. 1369; Rosenbaum v. Garrett, 57 N. J. Eq., 186; Harrison v. Nixon, 9 Pet., 483.) The rule is so generally accepted that it is unnecessary to cite additional authorities in support of it. The exception is as well established as the rule, yet we have found no case in which it has been applied except where the bequest was for a charity in another State or country.

The object of construing all written instruments is to ascertain the intent of the maker. Granting that we should presume that the intent of the testatrix was that the law of her domicile should furnish the rule of construction and execution of her will, unless we find that her intention was that the law of Texas should control, we must examine the facts to ascertain if she intended that the law of Texas should

control instead of the law of Illinois. Whatever may have been her intention, when discovered, it must govern the court in determining the issue presented.

Mrs. Gilpin had the right in the disposition of her property, unless restrained by some provision of law, to create the trust just as she did and to make it continue during the life of her daughter's husband. It may have been that she apprehended that under the husband's influence her daughter might squander the corpus of the property and be left without support, while by wasting the annual income she would not be deprived altogether of the benefit of the mother's bequest. Whatever may have been her motive and reason, she very clearly and distinctly expressed the purpose that the portion of her estate which she gave to her daughter, Mrs. Fletcher, should go into the hands of the trustee and be held for the benefit of the daughter during the lifetime of the husband. According to the finding of the trial court, she could not have accomplished that purpose if the will was to be executed in the State of Illinois. We must presume that she knew the law of her domicile and it is not at all probable that she would have undertaken to make a provision for her daughter which she knew would not be enforced by the law of the place where she intended it should be executed. Is it not more reasonable to suppose that, knowing her purpose could not be accomplished by the enforcement of her will and the execution of the trust in the State of Illinois, she chose another jurisdiction in which she could accomplish her aim in behalf of her daughter; therefore, her purpose was to have the trust conducted and executed in the State of Texas. The property embraced in the will, or at least the greater part of it, had been for many years in Texas, in the hands of P. H. Lanius, and was being managed and controlled by him for the benefit of the testatrix. She expressed herself as highly pleased with his management of the property and it is reasonable to presume that when she selected him as trustee to continue the management of the business she proposed that it should be done in the State of Texas. As evidence of this fact she sent her will to Texas to Mr. Lanius, soon after she had executed it, to be held by him and to be probated, "when the time should come," in the State of Texas. Surely she did not expect Mr. Lanius to probate the will, both in Texas and in Illinois. The administration by the executor could not continue for any considerable time because there were no debts against the estate and it would be merely a formal winding up of the estate, but it was provided that the same man who was named as executor should hold the property as trustee and should continue to exercise the same power of control and management that he had done during her life for the benefit of the daughter. In the performance of his duty he must lend or invest the money; collect it from those to whom he had loaned it; or, if invested in property, he was clothed with power to sell and reinvest; in fact, the trust created a business to be transacted indefinitely, which would necessarily involve the application of the laws of Texas and resort to her courts. This construction is supported by the same reasoning that underlies the rule with regard to charities and is still more analogous to the case where the fund is sent into another State to be invested and administered wherein the law of the place of executing the trust applies. All of the facts and circum-

stances strongly, and, we think, conclusively point to the conclusion that Mrs. Gilpin deliberately selected Texas as the jurisdiction within which her will should be probated and the trust created thereby should· be executed under and in conformity with the laws of this State.

In applying the law as administered in Texas to the facts of this case, we must bear in mind that Mrs. Gilpin, as the owner of the property in question, had the absolute right to dispose of it by her will as she saw fit and to put upon the title or the use of the property such limitations as she deemed proper not in violation of law nor against public policy. Mrs. Fletcher, the daughter, had only such interest in the property as her mother conferred upon her, and it is not for the courts to say that the limitation created by the trust is unreasonable or unjust if it be lawful. (Broadway Nat. Bank v. Adams, 133 Mass., 170; Claflin v. Claflin, 149 Mass., 19.) In the latter case the court said: "A testator has a right to dispose of his own property with such restrictions and limitations, not repugnant to law, as he sees fit, and his intentions ought to be carried out unless they contravene some positive rule of law or are against public policy."

That property bequeathed to a married woman may be put into the hands of a trustee to hold free from the control of her husband is well settled. (2 Beach on Trusts, sec. 560.) That author says: "It is also well settled that in the creation of a trust for the benefit of a married woman she may be deprived of the power of alienation or of anticipation during coverture, and, as the rule is generally held, such a restraint may be made operative during the second or any other future marriage, as well as during that of the present." In Munday v. Vance (92 Texas, 428), this court held that a married woman and her husband might join in a deed conveying her separate property to a trustee, creating a trust in favor of herself and her children which would be free from the control of her husband and continue during the term specified in the trust deed. Indeed, we know of no authority to the contrary.· It is therefore clear that the trust created by the will of Mrs. Gilpin was not in violation of any law of this State, neither was it against public policy. The trust being lawful, it is pertinent to ask, upon what ground a court in this State can declare it closed. It is not a dry or passive trust, as was the case in Moore v. City of Waco, 85 Texas, 206. In that case there were no duties for the trustee to perform; he was simply the depositary of the legal title and this court held that under such conditions, upon application by the beneficiary, the court would close the trust; there was no unaccomplished object of the grantor to be defeated by such judgment. When a trustee has no duties to perform, the purposes of the trust having been accomplished, it becomes a simple, passive or dry trust, as it is termed in law, and the cestui que trust is entitled to have the full legal title and control of the property because no other person has an interest in the property. In this case the purposes of the trust have not been accomplished. The object that the testatrix manifested by her will was that the property should not be subject to the control of J. S. Fletcher, the husband of her daughter, and that the trust should continue as long as he should live. Fletcher still lives, therefore, it is not a trust whose purpose has been fulfilled. The duties prescribed by the will and imposed upon the trustee are continuing and

are to continue as long as Fletcher shall live. Those duties of the active management of the property; the investing of money, sale of property and reinvesting of proceeds, the lending of money, collection of it, relending and reinvesting of it by the trustee and the collection of rents and interest with the duty to pay them over to Mrs. Fletcher, are still active, continuing duties, and save the trust from the imputation of being a simple or dry trust. We have not been cited to any authority, nor have we been able to find any that would authorize the court to interfere in this matter and to terminate a trust which is still in active operation and full force, performing the duties prescribed by the testatrix and, however much the court might differ with the testatrix as to the right or policy of such a provision, it must nevertheless be enforced under the laws of this State. Mrs. Gilpin said that Fletcher should not be in a position to influence his wife, whether by threat or persuasion, to dispose of the corpus of the property, and by what authority can a court in this State annul that provision of the will and say that her apprehensions were unfounded?

It is ordered that the judgments of the District Court and Court of Civil Appeals be reversed and this cause be remanded to the District Court to be disposed of in accordance with this opinion.

*Reversed and remanded.*