BECKHAM et al. v. BECKHAM. (No. 8064.)

(Court of Civil Appeals of Texas. Dallas. March 9, 1918. On Motion for Rehearing, April 13, 1918.)

1. WILLS ☞671 — CREATION OF TRUST ESTATE.

A will of testatrix's property to her children, equally, named their paternal grandfather, a man of unquestioned character, as independent executor, and authorized him to take possession of the estate, "to sell and convey same, to invest any money that may come into his hands * * * and to execute all deeds of conveyance, acquittances and receipts necessary * * * to carry out the objects of this instrument." The executor took charge of the estate and made necessary advancements from time to time for the maintenance, support, and education of the beneficiaries, who were minors, and submitted to a partition of part of the property to the eldest minor upon her marriage. Held, that although the will named no time for turning over the property to the beneficiaries, and the word "trust" was not used therein, it gave the executor the right to hold the property in trust until the debts of the estate were paid and until the minors became capable individually to receive the property.

2. EXECUTORS AND ADMINISTRATORS ☞33 — TRUSTS ☞162—RESIGNATION.

Where one nominated by a will as independent executor was appointed guardian of estate of minor beneficiaries of the will after filing his application to probate the will but prior to admission of the will to probate and his appointment as independent executor, such appointment as guardian did not amount to a resignation of his executorship or trusteeship as to any of the beneficiaries under the will.

3. EXECUTORS AND ADMINISTRATORS ☞90 — INDEPENDENT EXECUTORS—JUDICIAL SUPERVISION.

Independent executors have the right to manage and control estates without interference of the courts, unless necessity arises for the adjustment of some legal rights of others; such an executor being always subject to the jurisdiction of the courts when he departs from the law.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by J. J. Beckham, Jr., and others, against John J. Beckham, Sr. From the judgment rendered, the named plaintiff and others appeal. Affirmed.

C. S. Bradley, of Groesbeck, for appellants. W. T. Jackson, of Groesbeck, and W. J. Bryant, of Wortham, for appellee.

RAINEY, C. J. We adopt the statement of the case taken from the brief of appellants, as follows:

"This suit was brought and prosecuted by Helen Beckham Taylor, joined pro forma by her husband, Dave Taylor; J. J. Beckham, Jr., and Tracy Beckham, minors, by their guardian, J. B. Franklin; and Euola Beckham and Guy Beckham, minors, by their guardian, Martha Cotton, joined by her husband, Pat Cotton—against John J. Beckham, Sr., individually and as independent executor of the will of Hodges Beckham Taylor, deceased, for a construction of the will of said Hodges Beckham Taylor, for an accounting of his stewardship as such executor, and for possession and partition of the estate of testatrix, and, in a cause on appeal from the probate court to the district court which was consolidated with this cause upon trial, to settle the final account of John J. Beckham, Sr., as temporary guardian of plaintiffs. And upon a trial of the consolidated cause, before the court, without a jury, judgment was rendered in favor of Helen Beckham Taylor, granting her all the relief asked by her, and she is satisfied with the judgment, and does not appeal. Judgment was also rendered upon the account on appeal from the probate court and upon the accounting by appellee, as such executor, of which no complaint is made by any one, nor does any one complain of the judgment awarding Mrs. Taylor partition and immediate possession of her inheritance. But the court construed the will adversely to the contentions of the minor plaintiffs and rendered judgment against them, denying them the possession of all their estate and awarding same to appellee until they respectively reach their majorities, and of this portion of the judgment only complaint is made on this appeal. Motion for new trial was made by the minor plaintiffs and their guardians, and overruled and notice of appeal given. This case is brought here upon an agreed case on appeal, agreed to by all the parties and certified by the court.

"Conclusions of Facts.

"Hodges Beckham Taylor, testatrix, married Guy Beckham, who died September 1, 1914. She married Dave Taylor, June 13, 1915, and died December 15, 1915. She left a will written August 17, 1900, which will is as follows:

"'First. I give and bequeath to my children, Helen Beckham and J. J Beckham and to any other children that may hereafter be born to me, share and share a like, all my property of every kind of which I may die seized and possessed, real, personal, and mixed.

"'Second. I appoint J. J. Beckham, Sr., of said county and state, father of Guy Beckham, my husband, independent executor of this my last will and testament.

"'Third. I desire that no bond or other security shall be required of my said executor for the performance of his duties. I further direct and desire that no probate or other court shall have any authority or control over my estate or my said executor, except to appoint appraisers and to receive and have recorded an inventory and appraisement of the property belonging to my estate.

"'Fourth. I hereby authorize and empower my said executor to take possession of any and all property belonging to my estate; to sell and convey same; to invest any money that may come into his hands in such way as he shall deem proper; and to execute all the deeds of conveyance, acquittances and receipts necessary or proper to be executed in order to carry out the objects of this instrument.'

"Testatrix left surviving her five children, only, Helen Beckham, who married Dave Taylor, September 18, 1916, and is now his wife, J. J. Beckham, Jr., now married and 18 years old, Tracy Beckham, now 16 years old, Euola Beckham, now 5 years old, and Guy Beckham, now 3 years old. She left an estate valued at more than $90,000. Appellee, J. J. Beckham, Sr., qualified as independent executor and took charge of the estate immediately after the will was probated. Appellee, upon his own application, was appointed temporary guardian of the persons and estates of all of the plaintiffs, and asked to be made permanent guardian thereof, and was appointed permanent guardian of the estate of J. J. Beckham, Jr., and qualified as such, but was later removed and J. B. Franklin was appointed guardian of the estates of both J. J. Beckham, Jr., and Tracy Beckham, and is still such; and Martha Cotton was likewise appointed and qualified as guardian of the persons and estates of Euola Beckham and Guy

Beckham, and is still such guardian. None of the minors have any estate except that involved in this suit. * * * At the time of making the will in question, testatrix lived in Limestone county, Tex., where she continued to live up to a few months prior to her death, when she married Dave Taylor, and moved to McCulloch county, Tex. At her death the five children were all with her in McCulloch county, Tex., and J. J. Beckham, Sr., who is the paternal grandfather of the minor appellants, filed the application to be appointed temporary guardian of said minors, including Helen Beckham, who is now Helen Beckham Taylor, in order that he might get possession of the persons of said minors and bring them to Limestone county, Tex., and get them out of the possession of their stepfather, Dave Taylor, who is now the husband of Helen Beckham Taylor; she having married her stepfather shortly after the death of her mother, and after the probate of the will in question."

The estate was indebted for about $12,000, which appellee has reduced some, leaving due at the date of trial about $9,000, which is secured by mortgages. Appellee has made some needed repairs on the property.

### Opinion.

The first assignment of error complains of the action of the court, and is as follows:

"The court erred, to the prejudice of the plaintiffs, J. J. Beckham, Jr., Tracy Beckham, Euola Beckham, and Guy Beckham, in the construction of the will and in rendering judgment against them denying them an immediate partition of their joint property; and in rendering judgment for the defendant, J. J. Beckham, Sr., to the effect that he should have and hold, manage, invest, and control, said property until these plaintiffs attain their respective majorities, before they may have partition of said property."

The proposition thereunder is that:

"The will gives the property in fee simple and absolutely to appellants, without reservation or remainder in any one; it follows this provision with an attempt to create a trust in the same property in appellee for the use and benefit of appellants, but fails to make provision for delivery of any of the property or the revenues thereof, to appellants at any time, and is therefore incomplete as a trust and fails in that respect for want of any direction for delivery of the property to the beneficiaries; and the beneficiaries took title under the will and are entitled to immediate possession."

[1] While the will is not quite as explicit as it might have been, yet we are of the opinion that it is so worded that its meaning is clear, and the intention of the testatrix when her surroundings and situation are considered is manifest. To arrive at the true intention of a party in making a will is one of the cardinal rules in construing a will and is to govern a court in its determination. In arriving at a just construction its language must be such that there appears therefrom what the maker desired to be done with the property mentioned therein. The will unmistakably names her children as beneficiaries, who are to receive her estate. It names appellee as her executor, who is a man of unquestioned character, in whom she had faith and confidence; he being the father of her first husband. It gave him authority to take possession of her estate, "to sell and convey same, to invest any money that may come into his hands in such way as he may deem proper, and to execute all deeds of conveyance, acquittances and receipts necessary or proper to be executed in order to carry out the objects of this instrument." While the word "trust" is not used in the instrument, we think the language used clearly shows that she intended appellee to hold the property in trust by him until all the debts were paid and children reached the age when they were capable individually to receive the property. In the making of a provision that the property should not be administered by the courts, she evidently contemplated that the court would not appoint guardians for the minors, and the property be placed in their possession and control. It is true the will names no time for the appellee to turn over the property to the beneficiaries. They being minors, and not being capable of receiving, managing, and controlling it during their minority, it is easy to conceive that the appellee would comply with his trust when they did reach their majority and be able to receive it. But it is contended that no provision was made for their maintenance, support, and education by the will. It can readily be conceived that appellee would use what was necessary out of the estate for that purpose. It was shown that he made advancements to minors for that purpose, as he had the right to do, and as was expected of him. He was related to them by blood, being their grandparent, and testatrix considered him the proper person to leave her estate with, he being a man of considerable wealth, of good character, and it is reasonable to suppose that she contemplated the estate would by his management and control be increased at the time of the majority of the beneficiaries, and their support and education looked after by him by providing out of the estate the proper funds. He made a proper account, which was approved by the court, about which no complaint is made, in this appeal. He claims no interest in the property except as trustee. He has reduced the indebtedness of the estate and there are still debts unpaid. The elder minor having married and thereby entitled to her share, he readily submits to a partition of part of the property to her.

[2] On behalf of J. J. Beckham, Jr., it is submitted that:

"Where a person is independent executor of an estate and applies for and is granted guardianship of the estate of one of the beneficiaries under the will and qualifies and acts as such, it is tantamount to a resignation as such executor as to such beneficiary's interest in the estate, and automatically transfers the estate to himself as guardian, and upon his removal as such guardian and the appointment of another, such other guardian is entitled to said estate, and it is the duty of such guardian to take possession of same."

The facts show that J. J. Beckham, Sr., was appointed temporary guardian, and on

April 10, 1916, it was made permanent, and on April 25, 1916, he filed his report as temporary guardian of all the children. Nothing was done in the guardianship of J. J. Beckham, Jr., up to the filing of an application by J. J. Beckham, Jr., asking his removal and the appointment of J. B. Franklin in his stead; J. J. Beckham, Jr., being then over 14 years of age. On January 10, 1916, appellee filed an application in Limestone county to probate the will, said application being transferred to McCulloch county, Tex., and admitted to probate on July 25, 1916, and appellee appointed independent executor under the terms of said will. He duly qualified as such.

There is nothing inconsistent in his actions as independent executor and guardian, as done herein, and appellee by such action did not resign his trusteeship, and the contention of appellants is overruled.

[3] Independent executors have the right to manage and control estates without interference of the courts, unless a necessity arises for the adjustment of some legal rights of others. Of course, whenever he does not properly discharge his duties or violates his trust, he becomes amenable to the courts. He is always subject to the jurisdiction of the courts when he departs from the law.

Under the terms of the will herein, we think the court properly construed the will, and the judgment is affirmed.

Affirmed.

### On Motion for Rehearing.

In our former holding we held, in effect, that under the will appellee was appointed trustee of the estate and it was not subject to partition among the appellants until they had reached the age of 21 years. We are asked to modify this ruling so as to embrace the condition that, if the disability of either of the minors should be removed or the girl should marry, then either would be entitled to his or her distributive share of the estate. We presumed that would be the proper construction of our holding, as the law provides that if a girl marries or a minor's disabilities are removed their legal status is thereby fixed and they would be able to receive and control their property as provided by law.

The motion for rehearing is therefore overruled.