McNEILL et al. v. ST. AUBIN et al.
(No. 7630.)

(Court of Civil Appeals of Texas.   Galveston.
Jan. 10, 1919.   On Rehearing, Feb. 7, 1919.)

1. WILLS ⊜⊸441 — CONSTRUCTION — IN-TENT OF TESTATOR.

The primary rule is to give the instrument the effect intended by the testator, and this interpretation must be ascertained from the language used, the nature and extent of the property bequeathed, the status and surroundings of the beneficiaries, etc.

2. TRUSTS ⊜⊸136—PASSIVE TRUST.

Where a testator devised to trustees for named minor grandchildren one-fourth of his

---

⊜⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

estate, and authorized such trustees, who were also executors, to sell any part of the estate, *held* that the trust cannot be considered as passive, and so the guardian of the minor grandchildren cannot recover the property.

3. WILLS &#x23FB;686(3) — CONSTRUCTION — TRUSTS—DURATION.

Where a testator devised property in trust for his minor grandchildren, though the will did not expressly limit the trust to the minority of the beneficiaries, it must be so construed, and when any of the beneficiaries come of age, or, if a female, marries, the trustee should turn over to such beneficiary his or her share of the property.

Graves, J., dissenting on rehearing.

Appeal from District Court, Brazoria County; Samuel J. Styles, Judge.

Suit by Lottie R. de St. Aubin, guardian of the persons and estates of Annie Lee Cox, and others, against J. C. McNeill, Sr., and others, executors and trustees. From a judgment for plaintiffs, defendants appeal. Reversed and rendered.

Wilson & Follett, of Angleton, for appellants.

Linn & Austin, of Bay City, for appellees.

PLEASANTS, C. J. This suit was brought by the appellee, guardian, joined pro forma by her husband, against appellants, who are executors and trustees under the will of C. R. Cox, deceased, for a construction of said will and to recover of appellants for the use and benefit of Annie Lee Cox, Lottie May Cox, and Christopher Randolph Cox, the minor wards of plaintiff, the money and property bequeathed to them by said will and now in the hands of said executors and trustees.

Defendants (now appellants), J. C. McNeill, Sr., Louis J. Wilson, and M. B. Williamson, as such independent executors and trustees under the will of said C. R. Cox, deceased, answered by general demurrer, general denial, and further admitted that said C. R. Cox died testate, leaving a last will and testament, that said will had been duly admitted to probate; that they were named and appointed as such independent executors of and trustees under said will, and duly qualified as such, and are now acting as such; and that they have in their hands as such trustees under the will of said C. R. Cox, deceased, for the use and benefit of said Annie Lee Cox, Lottie May Cox, and Christopher Randolph Cox, certain money and vendor's lien notes; and further answered that they are desirous of having said will of said C. R. Cox, deceased, construed, but they specially deny the allegations of plaintiffs to the effect that said trust funds should be surrendered and delivered by them as such trustees to the guardian of said minors; and they ask that they be authorized and directed to turn over the property and money and to pay their attorney's fee and costs of this suit out of said trust fund.

The trial in the court below resulted in a judgment construing the will in accordance with plaintiffs' contention and directing the defendants to turn over the property and money to the plaintiff guardian, but allowing defendants to pay out of said trust funds $250 fees to their attorney in this suit and all costs of the suit.

There is no issue of fact in the case, and the only question presented for our determination is the proper construction of the will. The facts as found by the trial court are as follows:

"First. I find that C. R. Cox, Sr., died testate in Brazoria county, about the —— day of December, A. D. 1912, and by his last will and testament nominated and appointed the defendants, J. C. McNeill, Louis Wilson, and M. B. Williamson, independent executors and trustees of his said will without bond or security, either as executors or as trustees. I further find that the said will was duly probated by the county court of Brazoria county, and that said McNeill, Wilson, and Williamson qualified as executors of said estate, and ever since, and now are, the duly qualified and acting executors thereof under the terms of the will.

"Second. I find that by articles 2, 3, 4, and 5 of said will the said testator devised and bequeathed three-fourths of his estate by absolute and unconditional title to four of his children, respectively named in said articles, to wit: Sallie C. Norris, one-eighth; Josephine B. Rogers, one-eighth; Mamie W. Williamson, one-fourth; Fannie C. McNeill, one-fourth. And I further find that the devisees named and the estate covered by said articles is in no manner affected by this suit.

"Third. I further find that article No. 6 of said will, which is the basis of this suit for the construction of the said will, provides as follows: 'I do will and bequeath to J. C. McNeill, Sr., Louis J. Wilson and M. B. Williamson, as trustees, for the use and benefit of Annie Lee Cox, Lottie May Cox and C. R. Cox, Jr., children of my deceased son, C. R. Cox, Jr., one-fourth (¼) of all the estate and property, real and personal and mixed, of which I may die seized and possessed or which I may own or be entitled to at the time of my death. In the event of the death of either the said Annie Lee, Lottie May, or C. R. Cox, Jr., the bequest mentioned in this item 6th, shall be used by said trustees for the benefit of such of said three children of my deceased son, C. R. Cox, Jr., as may survive.'

"Fourth. I find that article No. 7 of said will provides as follows, to wit: 'I hereby appoint J. C. McNeill, Sr., Louis J. Wilson and M. B. Williamson, in whom I have full faith and perfect confidence, joint and several independent executors of this my last will and testament, and I do hereby specially exempt the said J. C. McNeill, Sr., Louis J. Wilson and M. B. Williamson, and each of them, from giving any bond or security either as executors or trus-

tees under this will, and I do now specially provide that no action shall be had in any court in relation to my estate or the settlement thereof other than the probate of this my last will and testament and the return of an inventory and appraisement of my estate. I do further provide that all titles, rights, and powers vested in said J. C. McNeill, Sr., said Louis J. Wilson and said M. B. Williamson as such executors and trustees under this will, are vested in them severally as well as jointly, and in the event of the death, resignation, or failure to act either of my said executors or trustees the survivor or other executors or trustees herein named shall have full power and authority to perform all the acts, and be vested with all powers, rights, titles and discretions herein conferred upon them.'

"Fifth. I find that article No. 8 of said will provides as follows, to wit: 'I do hereby give and grant to said J. C. McNeill, Sr., said Louis J. Wilson and said M. B. Williamson, jointly and severally, full power and authority, in their capacities as executors, or executor, trustees or trustee, to make sale and conveyance of any part of my estate, real and personal, in such manner, at such times, at such prices, and on such terms, as in their or his judgment may seem proper, and to execute all necessary deeds of conveyance and bills of sale, and to receive the purchase money for real and personal property sold, and generally to do and perform all such acts, and make such sales of my estate as they may deem best, and to sell and convey all the property of my estate, and to receive and I do specially authorize my said executors and trustees hereinbefore named, jointly and severally, to make partition of my estate, and make partition of the proceeds thereof according to the foregoing provisions of my will.'

"Sixth. I further find that by article No. 9 of said will the testator intentionally omitted and cut off from any benefits under his will two of his daughters, to wit, Mrs. Hattie C. Hinkle and Mrs. Carrie L. Mather, and also the children of another deceased daughter, to wit, Mrs. Minnie C. Reese.

"Seventh. I find that the defendants, as executors, acting under the powers given them in the will, took possession of the property, real and personal, belonging to the estate, and have sold or contracted for sale all the estate except two small tracts of inconsiderable value, one of which is situate in Brazoria county, and the other in Lee county, Tex., and have received and distributed to the beneficiaries about $40,-000 of the purchase money so received from such contracts of sale; and that such part of the sales as are not yet completed by conveyances is merely delayed pending the perfecting of titles to the tracts of land involved, and which is now in course of completion.

"Eighth. I find that the defendants, executors aforesaid, acting under the powers conferred upon them by the will, as such executors, have received the proceeds of such sale, and have made two distributions among the devisees mentioned in said will, to wit, three-fourths of the amount (net) distributed was delivered and paid over to the devisees named in articles Nos. 2, 3, 4, and 5 of the will; and one-fourth of the amount (net) thereof, amounting to the sum of $12,472.68, was turned over by said executors, to themselves as trustees, for the use

and benefit of Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., plaintiff's wards, and that said sum was deposited by them as trustees in bank on time deposit at 4 per cent. interest, and that said sum is still on deposit.

"Ninth. I find that the defendants, J. C. McNeill, Sr., Louis J. Wilson, and M. B. Williamson, as trustees, now have cash in bank to their credit the sum of $12,686.26 upon which interest is payable at the rate of 4 per cent. per annum from July 10, 1917, to them as trustees for the use and benefit of Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., plaintiff's wards; and I find that said trustees also have in their possession and control certain vendor's lien notes aggregating the sum of $432.55, which were executed by C. L. de St. Aubin and his wife, Lottie R. de St. Aubin, payable to John Southerland and purchased of Ed. Kilbridge, the then legal holder thereof, by said trustees, said notes being secured by the vendor's lien on lot No. 12, and the west half of lot No. 11, in block No. 35, of Bay City, Matagorda county, Tex.

"Tenth. I find that Lottie R. de St. Aubin, plaintiff, is the duly qualified and acting guardian of the persons and estate of the minors, Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., children of C. R. Cox, Jr., deceased, the devisees named in article sixth of the said will of C. R. Cox, Sr., deceased, and that said Lottie R. de St. Aubin, guardian, is so qualified and acting under the orders and jurisdiction of the county court of Matagorda county, Tex.

"Eleventh. I find that Lottie R. de St. Aubin was guardian of the persons and estates at and before the death of the testator C. R. Cox, Sr., deceased, and that said testator knew that she was acting in that capacity."

[1] The primary rule to be observed in the construction of a will is to give to the instrument the effect intended by the testator, and this interpretation must be ascertained from a consideration of the language used by the testator in the will, the nature and extent of the property bequeathed, the status and surroundings of the beneficiaries, and any and all circumstances connected with the making of the will which in any way tend to disclose the testator's intention and assist in understanding the language of the will as the testator intended it to be understood.

[2] With this rule in mind, we do not think the construction of the provisions of the will above set out presents a question of much difficulty.

In the sixth paragraph of the will the testator in clear and unambiguous language bequeaths to appellants as trustees for the use and benefit of his three named minor grandchildren one-fourth of all of his estate, which the evidence shows consisted of lands, cattle, and money of the aggregate value of more than $50,000, and directs that if either of the three minor beneficiaries should die the bequest should be used by the trustees for the benefit of such of said children as might survive. In the next paragraph he appoints appellants, in whom

he declares he has full faith and perfect confidence, joint and several executors of his will, and then directs that no bond or security of any kind shall be required of appellants, either as executors or trustees, and that no action shall be had in any court in relation to his estate or the settlement thereof other than the probate of the will and return of an inventory and appraisement of the estate. He then directs and declares that the title, rights, and powers vested in appellants as executors and trustees are vested severally as well as jointly, and in event of the death, resignation, or failure of any one of them to act as such executor or trustee the surviving or remaining executor or trustee shall have all of the powers, rights, and authority conferred upon all of them. In the next paragraph appellants are given jointly and severally, both as executors and as trustees, the fullest power to sell and convey any portion of the estate and receive the purchase money therefor, and generally to do and perform all such acts and make such sales of the estate as they might deem best. He then directs that the estate or the proceeds arising from its sale shall be partitioned by appellants "according to the foregoing provisions of this will."

It is manifest from the will itself that it was the intention of the testator to confer upon appellants rights and powers and impose upon them duties in addition to those of independent executors of the will, with power to take possession of the estate, settle its affairs, and make partition of the property of the estate, or of its proceeds if they should deem it best to sell the property. If this was all he intended why was the one-fourth interest in the estate bequeathed to them in trust for the use and benefit of the minor grandchildren, and why was he so careful in every provision of the will in which rights and powers are conferred on appellants to expressly state that such rights and powers were conferred on them as executors and as trustees? It would be a strained and unreasonable construction of the will to say that the testator meant nothing by bequeathing the property to appellants as trustees, and by repeatedly emphasizing the fact that as to the one-fourth interest in the estate bequeathed to the minor grandchildren they occupied a position different from that of executors of the will with the powers before stated, and this is the effect of the construction placed upon the will by the trial court.

Appellee, who is the mother of these minor children, was their duly and legally appointed guardian, and was acting as such at the time this will was executed. The testator knew this fact, and we must presume that he knew, if he only intended to give the appellants power as independent executors to settle his estate and make partition thereof as directed by the will, it was wholly unnecessary to bequeath the property to them in trust for the use and benefit of the minors, and entirely unnecessary to give them the power to sell the property as trustees for the minors. We must, if we can, give full effect to all of the provisions of the will and assume that the testator has some purpose and intent in each and all of the directions expressed in the will. We do not think the intention of the testator in making the provisions above set out is far to seek. Such intention is made clear by the provision in the sixth paragraph of the will, above set out, that in event of the death of any of the named minor beneficiaries, the property bequeathed to the appellants as trustees shall be used by them for the benefit of such of said beneficiaries as shall survive. We think this provision clearly shows that the trust created by the will is more than a mere dry, passive trust, but one which imposed upon the trustees the duty to use the property for the benefit of the beneficiaries. The illuminating effect of this provision of the will is not lessened by the suggestion of appellee's counsel that it only gives appellants the right to use the property for the benefit of the minors in event of the death of one of them, and, under the rule "expressio unius est exclusio alterius," must be regarded as a definite restriction upon the power to use. The rule quoted can have no application here. If there was nothing else in the will or in the circumstances disclosed by the evidence to indicate that appellants were given powers greater than those conferred upon them as executors of the will, it may be this rule of exclusion could be applied, but, considering the will as a whole, in the light of all of the circumstances attending its execution, it could not be held with any show of reason that the testator intended that the appellants could not hold and use the estate for the benefit of the beneficiaries unless one of them died. It seems to us that such construction of the will is not permissible upon any sound theory or under any established rule of construction.

We think a fair construction of the will sustains appellants' contention:

"That under its provisions one-fourth of the estate of the testator was vested in them, and in the survivors or survivor of them, jointly and severally, as trustees for the use and benefit of said Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., children of C. R. Cox, Jr., the deceased son of C. R. Cox, or such of them as may survive, and that said trustees, and survivors or survivor of them, jointly and severally, are by said will authorized, empowered, and required to hold and possess such one-fourth of said estate until said Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., or such of them as may survive, shall reach the age of 21 years, and that during the minority of said beneficiaries

of said trust said trustees, and the survivors or survivor of them, jointly and severally, are authorized and empowered to make sale and conveyance of the whole or any part of such one-fourth of the estate of said C. R. Cox, deceased, real and personal, in such manner, at such times, and on such terms as in their or his judgment may seem proper, and to execute all necessary deeds of conveyance and bills of sale, and to receive the purchase money for real and personal property sold, and generally to do and perform all such acts and to make all such sales of such one-fourth of said estate as they or he may deem best, and also to use such one-fourth of said estate for the benefit of said Annie Lee Cox, Lottie May Cox and C. R. Cox, Jr., or such of them as may survive, as they or he may deem best, and also to make partition of such one-fourth of said estate among said Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., or such of them as may survive, or to sell such one-fourth of said estate and to receive the purchase money and make partition of the proceeds thereof among said Annie Lee Cox, Lottie May Cox, and C. R. Cox, Jr., or such of them as may survive."

[3] The will does not expressly limit the duration of the trust to the coming of age of the minor beneficiaries, but it must be so construed, and, when any of said minors becomes of age, or his or her disability is removed, or either of the minor girls marry, it would then be the duty of the trustees to turn over the property bequeathed to such beneficiary.

The principles and reasoning upon which our conclusions are based are illustrated by the cases of Lanius v. Fletcher, 100 Tex. 550, 101 S. W. 1076, and Beckham v. Beckham, 202 S. W. 517. None of the cases cited by appellee sustains the judgment of the trial court.

The judgment of the court below is reversed, and judgment here rendered construing the will in question as above indicated.

Reversed and rendered.

### On Rehearing.

PER CURIAM. Motion for rehearing refused.

GRAVES, J. (dissenting). Being convinced upon rehearing that our former construction of the will here involved was erroneous, and that the motion for rehearing should be granted and the trial court's judgment affirmed, it becomes a duty under the statute to enter of record the grounds of my dissent from the court's order overruling the motion.

Feeling that I cannot otherwise better do that, the liberty is taken of here adopting, with very slight changes, and as embodying my own view of the proper construction to be placed upon the will, the following able argument made by counsel for appellees upon rehearing:

"There can be no possible contention that article 8 of this will did not create a trust for the whole estate; and appellants were therein named as trustees for all the devisees. It definitely provided a termination, or an act of termination, for such trust, and there can be no doubt that the appellees recognized and obeyed its provisions to the extent of three-fourths of the estate. There is not an expression or a provision in the entire will indicating or supporting the theory that the trust for the minor children was to exist for a moment longer than was required for the completion of the trust in behalf of the remaining devisees under such general and controlling trust.

"The will itself indicated the purpose and intent and the wisdom of this general trust over the whole estate, and in providing that it should remain in the hands of the trustees, named and authorized as trustees, until partitioned and distributed by them.

"When a testator in language showing anger and bitterness, and without the least expression of valid reason therefor, cuts off three of his children from any benefit under his will, it does not require a wise man to foresee litigation over such a will at the instance of the injured ones, and the result foreseen was not absent from this case. Certainly it was wise to secure the continued possession of his estate in the hands of his trustees, not executors, until they could partition and distribute.

"If within the four corners of the will the motive and intent of the testator can be found, then it is not permissible to go outside and give effect to circumstances, conditions, or facts, which may or may not have been even remotely considered by the testator when he made the will. In fact, such a course is dangerous in the extreme, and will almost inevitably result in a construction of his will never dreamed of by him.

"Was it not wise for the testator, in view of the possibility or probability of prolonged litigation over the will, to cover his whole estate into the hands of trustees under a personal and specific express trust? Certainly, for executors, as such, can only perform certain duties and exercise certain powers, which must be performed within a reasonable period of time; they can also be deprived of control and possession at any time under the law by devisees, creditors, or heirs; not so a trustee under an express trust containing broad discretion, complete confidence, adequate powers of sale at discretion, and directing a certain discretionary act for the termination of the trust. It cannot be contended for an instant that the testator did not recognize the difference in powers and authority, and the difference in security and safety of his estate in the hands of trustees rather than executors, for he names them as executors and trustees everywhere that the performance of any of those trust acts is involved or authorized; beyond that, he gave no directions to appellants as executors. Article 8 of the will is illuminating on this issue, for it contains the only active trust provided for in this will. It is inconceivable that an executor, as executor, could be invested with the unbridled powers named in this will, viz.: 'To sell the estate, or any part of it, at such price, at such times, and on such terms as to him or them may seem proper, and then to partition the same in his discretion among the devisees.' As a matter of fact, the law protects devisees, heirs, and cred-

209 S. W.—50

itors, and allows them to relieve such executor of his powers and secure possession of the estate. There can be no doubt that this law was enacted as a means of relief from just such unbridled authority in executors, when independent of the control of the court by the terms of a will. But if such powers are given to a trustee, they cannot be interfered with by any one so long as actual fraud is absent.

"We most earnestly submit that this testator, having provided this trust for his whole estate, having placed it in the hands of appellants as trustees, and having provided that partition thereof should end the trust, this provision for partition covered and applied to the interest of these minor children, as well as to all other devisees, unless there can be found in the will some other express power extending the trust over that portion of the estate owned by the minors. The general trust covering the whole of the estate created in article 8, the powers therein given of sale and partition, and the act of termination therein provided must govern the construction of the whole will, for therein is indicated the final and controlling purpose and intent of the testator. We submit that there is not a line, syllable, or word in the entire will which can reasonably or consistently be construed as a power or direction to extend the trust for a longer period over the portion belonging to the minors. There is only one word in the will, and it occurs in the last clause of the sixth article, upon which even the semblance of such a contention could be predicated. This clause provides that the bequest to the three minors should be 'used' by the trustees, in the event of the death of either, for the survivor or survivors. This is a contingency that might occur pending the life of the general trust, and it fully explains the creation of this special trust for the minors. Without this provision, one-half of the interest of the child so dying would have gone to the mother.

"It seems to us that the reasonable and common-sense construction, in fact the necessary construction, of this clause of article 6 must be that it was intended as a word of devise to cover the contingency of death during the pendency of the general trust. For if the word 'used,' and the power connected with and dependent thereon, be otherwise construed, inevitably, it seems to us, this trust must be held to endure until one of the children dies. Such a construction is not only unreasonable, but in the face of the whole will.

"We submit that the court has clearly erred in failing to give the proper and necessary effect to the trust created in article 8 covering the whole estate.

"We further submit that the cases of Lanius v. Fletcher [100 Tex. 550], 101 S. W. 1076, and the case of Beckham v. Beckham, 202 S. W. 517, do not support the judgment rendered in this case. In the case of Lanius v. Fletcher there was a clear and definite provision of the will, that: 'Mr. Lanius [the trustee] shall hold her [Mrs. Anna E. Fletcher's] portion as trustee and keep it invested, paying her the interest during the lifetime of her husband, John S. Fletcher, and only the interest shall be paid her.' And the court, commenting on this matter, says: 'She very clearly and distinctly expressed the purpose that the portion should go into the hands of the trustee and be held for the benefit of the daughter during the lifetime of the husband.'

"In Beckham v. Beckham, the trustee was the grandfather of the beneficiaries, the estate in his hands was largely indebted, and he had only paid off $3,000 of the $12,000 of the debt. There were several other parental conditions also, which the court considered in passing on the will. From our reading of these cases, we feel that in principle and reasoning they are fairly adverse as authorities to the judgment of the court here.

"Delegated powers are and ought to be strictly construed. In a careful examination we have found no case in which this fundamental and universal rule has been changed." Kennedy v. Pearson, 109 S. W. 283, 1st col.; Wisdom v. Wilson, 127 S. W. 1128; Hunt v. White, 24 Tex. 650, 651; Stephenson v. McFaddin, 42 Tex. 329; Moss v. Helsley, 60 Tex. 438; Parrish v. Mills, 101 Tex. 282, 106 S. W. 882; 2 Underhill on Wills, § 783; Webb v. Hayden, 166 Mo. 39, 65 S. W. 761; Day v. Brenton, 102 Iowa, 482, 71 N. W. 538, 63 Am. St. Rep. 468; Cyc. vol. 39, p. 194, and notes 1, 2, and 3.

Believing that the trial court correctly interpreted the will, this protest against a contrary holding is respectfully, but earnestly, entered.