## DUNHAM v. CROSSLAND et al.

### No. 3259.

Court of Civil Appeals of Texas. Beaumont. March 31, 1938.

Rehearing Denied April 13, 1938.

Lasseter, Simpson & Spruiell, of Tyler, for appellant.

Israel Smith and Ramey, Calhoun & Marsh, all of Tyler, for appellees.

COMBS, Justice.

This suit was instituted in the district court of Smith county by Mrs. Rita Crossland, joined pro forma by her husband, against Mrs. Edna Dunham, surviving widow of Carl G. Dunham, deceased, and executrix under his will, and against Iris Nadine Dunham, a minor, child of Mrs. Edna Dunham and Carl G. Dunham. Mrs. Crossland is the daughter of Carl G. Dunham by a former marriage, and she and the minor, Iris Nadine Dunham, daughter of appellant, are the only surviving children of Carl G. Dunham. Carl G. Dunham died July 5, 1936, leaving a will which was duly probated in the county court of Smith county, where he had his domicile at the time of his death, and Mrs. Edna Dunham qualified as administratrix under the will. The probate proceedings are not attacked; the sole question presented by the case being a construction of the will. The will was executed in the state of Oklahoma at a time when the

Dunhams lived there. That state has no community property law, and Mrs. Crossland brought this suit on the theory that Dunham's will, which devised "all my worldly property" one-half to the wife and the balance to his children, should be construed as intending to deal with all property which under the laws of Oklahoma would comprise his property, ignoring the Texas community property law which made one-half of the property accumulated in this state the property of the wife. The will was as follows, omitting the attestation:

"In the Name of God, Amen:

"I, Carl Guiton Dunham being of sound mind and memory, but knowing the uncertainty of life do now make and publish this my last Will and Testament, that is to say:

"I hereby bequeath to my lawful wife at time of death one-half of all my wordly property, and hereby appoint my wife the sole executrix of this my last will and testament, to serve without bond.

"Carl Guiton Dunham   [Seal.]"

The trial court admitted, over the objection of appellant, proof of the following facts as tending to establish the testator's real intention: Carl G. Dunham was married to appellant in Illinois in 1920, and shortly thereafter they removed to Oklahoma, where they lived until 1931. On June 19, 1928, while they were living in Oklahoma, Dunham executed the will at the Scottish Rite Cathedral in Guthrie. It was deposited with the secretary of the Scottish Rite Consistory for safe-keeping, where it remained until after Dunham's death, when it was withdrawn for probate. In 1931, the Dunhams moved to Texas, residing a few months at Gladewater, and then moving to Tyler, Smith county, where they made their home until Dunham's death. Dunham owned some personal property in Oklahoma at the time the will was executed, and afterwards, but appears to have brought none of it to Texas. After coming to Texas, he appears to have prospered and accumulated a considerable estate, all of which was the community property of himself and appellant. Proof was also made that Oklahoma has no community property law, and that under the laws of that state all property owned in testator's name would be his property.

At the conclusion of the evidence, the trial court instructed a verdict and entered a judgment in accordance with Mrs. Crossland's contention, awarding one-half of all properties standing in the name of Carl G.

Dunham at the time of his death to the children, one-fourth to Mrs. Crossland, and one-fourth to the minor, Iris Nadine Dunham. In other words, the trial court awarded all of Dunham's property to the children, leaving to appellant, Mrs. Dunham, only her community half interest. From that judgment Mrs. Dunham appealed.

## Opinion.

As indicated above, appellee, Mrs. Crossland, insists that the term "all my worldly property" as used in the will should be interpreted to mean all property which under the laws of Oklahoma would belong to the testator, and so would include all the property which he accumulated in his name in Texas. It is reasoned that since he executed his will in Oklahoma at a time when all his property was in that state, and at a time he had no intention of moving to Texas, he must have used the words with the meaning which the laws of Oklahoma gave to them.

We cannot agree with that view. Dunham couched his will in simple and unambiguous language. It clearly expresses his intent to devise all his "worldly property" and only his, worldly property, wherever acquired. Nothing in it casts any doubt or uncertainty upon the intent so expressed. There is, therefore, nothing in the will calling for construction. The meaning of what the testator said being clear, the court cannot speculate about what he meant to say.

The construction of wills has given rise to much writing and no little confusion, owing to the large number of ambiguously written wills which have come before the courts for construction. But certain principles of construction are plain, simple, and universally adhered to by the courts of our state, and other American jurisdictions. These, we think, fully control this case. A primary rule of construction is, of course, that the intent of the testator is to be ascertained and given controlling effect. But the courts have not left us without certain guiding principles in determining the testator's intent. One of these is that construction of a will can be resorted to only when interpretation is necessary in order to ascertain and give effect to the intention of the testator; and where the instrument is plain and unambiguous and clearly expresses the intention of the testator, the court is confined to the mere legal

interpretation of the writing and the enforcement of the testator's lawful intent as he expressed it in the instrument. 44 Tex.Jur. p. 677; 69 C.J. 866, 28 R.C.L. p. 204; Hunt v. White, 24 Tex. 643; Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232; Baker v. Johnson, Tex.Civ.App., 64 S.W.2d 1037. Another general rule is that the effect and construction of wills is to be determined by the law of the testator's domicile, in so far as it relates to personal property, and by the laws of the state where the property is situated, in so far as it relates to realty. DeVaughn v. Hutchinson, 165 U.S. 566, 17 S.Ct. 461, 41 L.Ed. 827; Holman v. Hopkins, 27 Tex. 38; King v. Lowry, Tex. Civ.App., 80 S.W.2d 790, writ refused. An exception to this general rule was recognized by our Supreme Court in Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076, where it was held that the facts and circumstances there in evidence established an intent on the part of the testatrix that the laws of Texas and not the laws of Illinois, the state of her domicile, should control with reference to a trust covering personal property in this state. Since counsel for appellees rely chiefly on the Lanius Case as supporting their contention, we shall briefly notice the features of that case, which we think fully distinguish it from the case before us. By the will involved in that case, the testatrix, a resident of Illinois, expressed an intent to create a trust with respect to the Texas property in favor of her daughter, Mrs. Fletcher. The trust could not be carried out under the laws of Illinois, but was valid under the laws of Texas. The testatrix was presumed to have known that the trust was invalid in Illinois, and since she was also presumed to have intended to create a valid trust an ambiguity was presented which called for interpretation. So proof was heard of the facts and circumstances surrounding the execution of the will in order to ascertain her real intent. These facts and circumstances, fully set forth in the opinion, clearly established her intent that the will should be probated in Texas and the trust administered under the laws of this state.

The case before us presents no such state of facts as were involved in the Lanius Case. In plain and unambiguous language, Dunham expressed in his will the intent to devise to his wife "one-half of all my worldly property." To adopt the construction contended for by appellees would be to read into the will an intent to give her none, and this from the sole circumstance that the will was executed in the state of Oklahoma.

The judgment of the trial court is reversed, and judgment here rendered for appellant.