We have not been favored with a brief by appellant.

■ Appellant objected to the court's charge for the failure of the court to submit his right of "self-defense against a threatened assault with a deadly weapon on the part of Shirley Langston."

The issue of self-defense was never raised in any manner. By appellant's own testimony, he had already shot the complaining witness thinking she was a burglar. Later, he shot at her because he thought she was reaching for the gun lying on the dresser. This last shot missed her, striking the dresser.

The case of Lackey v. State, 166 Tex. Cr.R. 387, 314 S.W.2d 94, 96, is controlling where Judge Dice, speaking for the Court, stated:

> "There is no testimony that prior to the difficulty the deceased spoke any words, did any act, or made any demonstration of hostility toward the appellant, other than, as testified by appellant, to walk toward him. There is no testimony that the deceased was armed at the time. To render a homicide justifiable in self-defense under Art. 1222, Vernon's Ann.P.C., the person attacked must actually believe that he is in danger of death or serious bodily injury at the hands of his assailant and must have reasonable grounds for so believing. 22 Tex.Jur. Para. 42, p. 442. It is not enough that the party believe himself in danger unless the facts and circumstances were such that the jury could say he had reasonable grounds for his belief. 4 Branch 2d Ed., p. 422, para. 2102; Surges v. State, 88 Tex.Cr.R. 288, 225 S.W. 1103. The facts presented would not have supported a finding by the jury that appellant had reasonable grounds for believing that he was in danger of death or serious bodily injury at the hands of the deceased. Therefore, the issue of self-defense against a deadly attack was not raised. * * *"

No error is here shown.

Under appropriate instructions concerning appellant's defense that he thought Shirley Langston was a burglar, the jury found against him.

The informal bills of exception appearing in the statement of facts are completely without merit and reflect no error.

Finding no error, the judgment is affirmed.

Owen E. LANCASTER, Jr., et al., Appellants,

v.

Isabel BURRIS et al., Appellees.

No. 13841.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 6, 1961.

———◆———

Wolff & Wolff, San Antonio, Arnold W. Franklin, Jourdanton, for appellants.

Aycock & Steinle, Jourdanton, for appellees.

BARROW, Justice.

This suit was brought by Isabel Burris, a widow, Alberta Martin, joined by her husband, T. J. Martin, and Madge Matthews, joined by her husband, R. L. Matthews, against Owen E. Lancaster, Jr., Owen E. Lancaster, III, and Blake L. Lancaster, for the partition of two tracts of land, one containing 230 acres, which we will call the first tract, and the other containing 224 acres, which we will call the second tract.

This suit primarily involves the construction and interpretation of the will of Yolanda Burris Lancaster, deceased, wholly written by the testatrix in her own handwriting.[1] Testatrix never had any children, either natural or adopted, and left as her

---

[1] "Jourdanton, Texas
"August 26, 1955

"Will of Yolanda Lancaster

"I, Yolanda Burris Lancaster, write this as my last will.

"It is my wish that our just debts be paid, then it is my desire that all of our remaining property, both money and real be divided as follows: First of all I wish my beloved husband Jack Lancaster, to have one-half for his use and benefit for as long as he shall live to be disposed of by him at his death as he shall see fit, the remaining one-half to be divided equally among my mother Isabel Burris and my two sisters Alberta Martin, and Madge Matthews. I further desire that my personal belongings, my household furnishings, glass, china, silver and bric-a-brac, be divided among my mother and two sisters as they shall choose.

"It is my further wish that because of the extremely grave nature of the illness of my dear husband, Jack, and to prevent further drain on his strength, my brother-in-law, Jeff Martin, shall be the executor of my will.

"Signed Yolanda Burris Lancaster

"This 26th day of August, 1955 at Jourdanton, Texas."

next of kin, her husband, Owen E. Lancaster, Sr., sometimes known as "Jack" Lancaster, her mother, Isabel Burris, and her sisters, Alberta Martin and Madge Matthews. Owen E. Lancaster, Sr., died testate, and his property passed under his will to the defendants.

The case was tried to the court upon stipulation of facts and certain documentary evidence introduced by the parties. The trial court found that the first tract of land was the separate property of Yolanda Burris Lancaster, and that the second tract was community property of the testatrix and her husband, Owen E. Lancaster, Sr. These findings are not in any way attacked by appellants. The trial court further found and concluded that testatrix, Yolanda Burris Lancaster, intended by her will that one-half of the property, including her separate property, as well as the community of herself and her husband, Owen E. Lancaster, Sr., should go to her surviving husband, and that the remaining one-half should go to her mother and sisters in equal shares. We are of the opinion that the trial court correctly disposed of the case.

Appellants contend that under the will of the testatrix they are entitled to one-half of the first tract (the separate property) and three-fourths of the second tract (the community property). They suggest only one interpretation of the will which would produce that result. They say that it must be presumed that the testatrix only intended to dispose of her own property. Under that interpretation they would get one-half of her separate property and one-half of her one-half of the community property. Under that construction of the will, they contend that only the one-half of the community land owned by testatrix, along with her separate estate, passed under the will, and one-half thereof was devised to the surviving husband, while at the same time he retained his one-half of the community land. We are of the opinion that the will can not be so construed.

The cardinal rule of testamentary construction is to ascertain and give effect to the intention of the testator as expressed in the language of the will. Avis v. First National Bank of Wichita Falls, 141 Tex. 489, 174 S.W.2d 255; Brady v. Nichols, Tex.Civ.App., 308 S.W.2d 100, affirmed, 158 Tex. 382, 312 S.W.2d 381; Dunham v. Crossland, Tex.Civ.App., 115 S.W.2d 742, aff., 135 Tex. 301, 140 S.W.2d 1095. The presumption is that the testator intended to dispose of his entire estate, Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147; Casey v. Kelley, Tex.Civ.App., 185 S.W.2d 492, and that the testator did not intend to die intestate as to a part of his estate. Crites v. Faulkner, Tex.Civ.App., 245 S.W.2d 1013. On the other hand, it is to be presumed that the testator intended to confine the devise to his part of the property, and if the will is to be construed as intending to dispose of a co-owner's part of the property, the language of the will must conclusively evidence such purpose. Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633; Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92.

With these rules in mind, we are of the opinion that the will of testatrix expresses her intention in clear, certain and unambiguous language. In referring to the debts to be paid and the real estate devised, she evidenced by clear language that she intended the devise to cover and include all property, both separate and community. The use of the plural pronoun "our" in the comprehensive expression "all of our remaining property," unequivocally evidences the intent that the devise should include not only her own interest in the community land, but also the interest of her husband. This is made even more evident by the fact that when she got down to the household furnishings and other personal effects, she used the singular "my", rather than the plural. Moreover, there is nothing in the will to indicate that she intended to die intestate as to her separate estate, nor is there anything in the will to refute the pre-

sumption of law that she intended her will to cover all the property she owned or possessed. Therefore, upon the death of the testatrix, the surviving husband was put to an election whether or not to take under the will. Having elected to take under the will, he and those claiming under him are bound by the terms of the will. Lindsley v. Lindsley, supra; Baldwin v. Baldwin, supra; Colden v. Alexander, 141 Tex. 134, 171 S. W.2d 328; Long v. Long, Tex.Civ.App., 252 S.W.2d 235; Fairbanks v. McAllen, Tex. Civ.App., 170 S.W.2d 581.

The judgment is affirmed.