ERNEST TURNER v. C. W. COTTON, COUNTY JUDGE.

No. 914.   Decided May 21, 1900.

**Supreme Court—Jurisdiction—Mandamus—County Judge.**

  The Supreme Court is without jurisdiction to issue the writ of mandamus against a county judge, he not being an officer of the State government within the meaning of article 946, Revised Statutes. Following Travis County v. Jourdan, 91 Texas, 217. (P. 559.)

ORIGINAL APPLICATION for writ of mandamus against respondent as County Judge.

Respondent C. W. Cotton having considered himself disqualified to act in matters connected with administration upon the estate of a decedent, by reason of certain proceedings in which he had formerely acted as counsel, the application sought to require him to act therein, denying that he was in fact so disqualified.

Wm. J. Berne, Jr., for applicant.

GAINES, CHIEF JUSTICE.—This is a petition for the writ of mandamus to the County Judge of Hamilton County.   Article 946 of the Revised Statutes provides that this court may issue writs of "mandamus against any district judge or officer of the State Government, except the Governor of the State."   In Travis County v. Jourdan, 91 Texas, 217, is was held that county officers, though officers of the State in a certain sense, are not "officers of the State Government" within the meaning of the provision quoted.   The writ in that case was sought against a county treasurer.   If the county treasurer be not an "officer of the State Government" in the sense of those terms as used in the statute, neither is a county judge.   It follows that we are without the power to issue the writ prayed for in this case, and therefore the petition is dismissed.

*Petition for mandamus dismissed.*