# APRIL, 1944

CHARLES M. COCKE, INDEPENDENT TESTAMENTARY EXTR. ETC. V. PEARL SMITH, DIST. CLERK, DALLAS COUNTY.

No. 8186. Decided February 2, 1944.
Rehearing overruled February 23, 1944.
Additional opinion April 5, 1944.
(179 S. W., 2d Series, 954, 958.)

*P. O. Lopp,* of Dallas, for relator.

*Claude Westerfeldt,* of Dallas, for respondent.

MR. JUDGE FOLLEY, of the Commission of Appeals delivered the opinion for the Court.

This is a petition for mandamus filed by the relator, Chas. M. Cocke, who was appointed independent executor under the will of Mamie A. Grubbs, deceased, to compel the respondent, Pearl Smith, District Clerk of Dallas County, to prepare and deliver to him a transcript of the proceedings in Cause No. 73320-E in the matter of the Estate of Mamie A. Grubbs, deceased, in the 101st. District Court of Dallas County, without requiring the relator to give an appeal bond, which cause the relator desires to appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas. Josie Birr, sister of the deceased, and sole beneficiary under her will, was also made a party respondent.

From the petition before us it appears that on December 27, 1941, Mamie A. Grubbs executed her will devising all of her property of every kind to her sister, Josie Birr. The testatrix appointed the relator executor of such will and directed that no bond or other security be required of him and that no action be had in the county court in the administration of her estate other than to prove and record the will and to return an inventory and appraisement of her estate. On May 11, 1943, the testatrix died in Dallas County. On May 27, 1943, the relator filed his application in the county court of such county to have the will probated. On June 1, 1943, the respondent Josie Birr filed her petition in said cause, alleging that she was the sole beneficiary of the will; that the relator was named as independent executor of the will without bond, and without control of the probate

court; that the estate which was solvent, owed no debts, and there was no necessity of administration; that the estate of the deceased passed to her upon the death of her sister; and prayed that any administration upon said estate be denied and that no executor be appointed.

On June 21, 1943, the probate court admitted the will to probate only as a muniment of title; denied the application of the relator to be appointed executor; appointed three distinterested persons to make an inventory and appraisement of the estate; and ordered the relator to cease to act as executor and to turn over all of the property of the estate to the respondent Josie Birr. In such order the court found that there was no necessity for an administration.

The relator appealed said cause to the 101st. District Court of Dallas County, but failed to execute an appeal bond. On July 6, 1943, the respondent Josie Birr filed her motion in the district court to dismiss said cause because the relator failed to execute an appeal bond, reasserting that there was no necessity for an administration, and further alleging that since the relator was not confirmed as executor he had no right to appeal without an appeal bond. On July 19, 1943, the district court sustained the motion of respondent Josie Birr and dismissed the appeal on the theory that the relator could not prosecute the same without an appeal bond.

On August 3, 1943, the relator requested the respondent Pearl Smith to prepare and deliver to him a complete transcript of the proceedings in the district court in said cause, which transcript the district court clerk prepared but refused to deliver until the relator filed an appeal bond in the district court. On August 9, 1943, the relator filed a petition for mandamus in the Court of Civil Appeals at Dallas to compel the district clerk to deliver him such transcript. Upon the refusal of such court to grant him the mandamus he has filed his application in this court seeking the same relief.

It is the contention of the relator that he is acting in his fiduciary capacity and under the provisions of Articles 2276 and 3700, Vernon's Ann. Civ. St., he is not required to give an appeal bond to remove the cause from the county court to the district court or from the district court to the Court of Civil Appeals. The respondents assert that the relator was not attempting to act in his fiduciary capacity in behalf of the estate, but that such appeals only concern him personally and therefore he is not exempt from giving appeal bonds.

Article 2276 provides that executors, administrators and guardians appointed by the courts of this State shall not be required to give bond on any appeal or writ of error taken by them in their fiduciary capacity. Article 3700 provides that when an appeal is taken by an executor or administrator no bond shall be required, unless such appeal personally concerns him, in which case he must give the bond.

■ Although an independent executor is a creature of the will and not of the probate court, he is an appointee of the court in the sense that he may not function until the will has been probated, and thus it is settled that an independent executor comes within the above articles exempting him from giving bond when he prosecutes an appeal in his fiduciary capacity. Buttlar v. Davis, 52 Texas 74; Houston Land & Trust Co. v. Campbell, 105 S. W. (2d) 430, writ refused.

■ It is also settled that an independent executor named in a will is qualified to act independently of the probate court from the time the will appointing him is admitted to probate; that it is not necessary for him to formally accept his duties as an independent executor; and that taking the oath as an independent executor is not a necessary prerequisite to the possession and exercise of the duties and responsibilities of his office. Higginbotham v. Alexander Trust Estate, 129 S. W. (2d) 352, 356, writ refused; Pepper v. Walling, 195 S. W. 892, writ refused.

■ After a will is admitted to probate it becomes the ministerial duty of the clerk of the county court to issue letters testamentary to the person named as executor and the judge has no discretionary power to refuse to issue letters to such person unless he is a minor or insane. Journeay v. Shook, 105 Texas 551, 152 S. W. 809; Shaffer v. Luby's Estate, 297 S. W. 582; Art. 3353, Vernon's Ann. Civ. St.

■ The fact that no debts exist against the estate, and that there is no necessity for an administration, does not affect the power or the duty of the county court to probate the will and grant letters testamentary to the executor named therein. The necessity for an administration is required to be shown only in the absence of a will. Articles 3356 and 3370, Vernon's Ann. Civ. St.; Buchner v. Wait, 137 S. W. 383, writ denied. Articles 3329 and 3369, Vernon's Ann. Civ. St., relative to the application to probate a will and granting letters testamentary, make no reference to the necessity for an administration, while article 3433, Vernon's Ann. Civ. St., provides that when a will has been

probated, its provisions and directions shall be specifically executed, unless annulled or suspended by order of the court probating the same in a proceeding instituted for that purpose by some person interested in the estate.

■ The only statutory authority for removing an independent executor after the probate of a will is where he refuses to give bond when required by the probate court to do so upon the complaint of some interested person that he is wasting, mismanaging or misapplying the estate. Articles 3438-3441, Vernon's Ann. Civ. St.; Hocker v. Stevens, 42 S. W. (2d) 473; Perkins v. Wood, 63 Texas 396; Roy v. Whitaker, 50 S. W. 491, writ denied.

From the foregoing principles of law it is obvious that the relator became the qualified independent executor of the estate of the deceased the moment the will was probated. The court's action in refusing to so recognize him and ordering relator to turn the property of the estate over to the respondent Josie Birr, was tantamount to the removal of the relator from his testamentary office and substituting the court's administration of the estate for that of the independent executor. The question therefore arises as to whether the county court, under the facts of this case, was authorized to enter such an order.

Chapter 12 of Title 54, Vernon's Ann. Civ. St., deals exclusively with administration under a will. Article 3436 of such chapter provides that any person capable of making a will may so provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement and lists of claims of his estate. The effect of such provision, where a testator substantially incorporates it in his will, is to remove the administration of the testator's estate from the jurisdiction and control of the county court and place the same in the hands of the independent executor, except in so far as the jurisdiction of the county court may be invoked under some other provision of such chapter.

Articles 3438-3441 provide a method for requiring the independent executor to give bond when he is mismanaging the estate; for his removal upon his failure to give bond; and for a regular administration of the estate after his removal according to the provisions of the will. Article 3442 provides for the petition of the estate by the probate court where the will does not distribute the entire estate of the testator. Articles 3443-3445 provide a method for creditors to require the heirs and

devisees of the estate in an independent administration to give bond as security for the payment of the debts of the estate, and for a regular administration of the estate by the probate court if they fail to do so.

Other than these provisions of Chapter 12 there is no statutory method provided whereby the probate court may acquire jurisdiction of an estate being administered by an independent executor. There are no facts or circumstances in this case invoking the jurisdiction of the county court under any of the above statutes. Under these circumstances, it seems to be the settled law of this State that the probate court has no jurisdiction over an independent executor, nor of the estate he administers, so long as the executor is faithfully carrying out the provisions of the will; and such court is further without jurisdiction to remove such executor because of mismanagement of the estate except when, under Articles 3438-3441, he has been required to give bond and has failed to do so. Lumpkin v. Smith, 62 Texas 249; Runnels v. Runnels, 27 Texas 515; Perkins v. Wood, 63 Texas 396; Jerrard v. McKenzie, 61 Texas 40; Hocker v. Stevens, 42 S. W. (2d) 473; McCanless v. Clough, 298 S. W. 643; Roy v. Whitaker, 92 Texas 346, 48 S. W. 892; Edsall v. Hutchings, 143 S. W. (2d) 700, writ refused.

It therefore follows that the only valid order shown to have been entered by the probate court was that admitting the will to probate, and appointing the appraisers. Such court was clearly without jurisdiction to order the relator to cease to act as executor or to order the relator to turn over the property of the estate to the respondent Josie Birr. That portion of the judgment of the probate court being invalid, the relator still retains his legal status as independent executor. As such representative he is entitled to the possession of the property of the estate. The appeals in question thus concern the estate of the deceased, and, under such circumstances the executor may appeal in his fiduciary capacity without bond in his attempt to set aside, or have declared void, the invalid orders of the probate court. Buttlar v. Davis, 52 Texas 74; Drew v. Jarvis, 110 Texas 136, 216 S. W. 618; Marshall v. Stubbs, 106 S. W. 435; Hodge v. Taylor, 85 S. W. (2d) 799.

The mandamus is granted.

Opinion adopted by the Supreme Court February 2, 1944.

Rehearing overruled February 23, 1944.

Further opinion on the Court's own motion.

In. the above cause Chas. M. Cocke, who was appointed independent executor under the will of Mamie A. Grubbs, deceased, filed an original application in this court for. writ of mandamus to compel the District Clerk of Dallas County to furnish him a transcript of the proceedings in Cause No. 73320-E in the 101st District Court of Dallas County for use on appeal to the Court of Civil Appeals at Dallas, without requiring him to execute an appeal bond. At a former date we granted the writ of mandamus.

Upon further consideration of this matter by this court upon its own motion, we are of the opinion that we are without jurisdiction to grant such writ.

Article V, Section 3 of our Constitution provides, among other things, that "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and mandamus in such cases as may be specified, except as against the Governor of the State."

Revised Statutes, Article 1733, reads as follows:

"The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Civil Appeals or judges thereof, or any officer of the State Government, except the Governor."

In the case of Travis County v. Jourdan, 42 S. W. 543, this court held that it did not have jurisdiction to issue a writ of mandamus against county officers nor any district officers, except a district judge. Under the above authority we are of the opinion that we were without jurisdiction to grant the writ of mandamus against the District Clerk in this case.

See also the following authorities: 28 Tex. Jur. 592 et seq.; Bostic v. County Judge of Rockwall County, 195 S. W. 186; Turner v. Cotton, County Judge, 57 S. W. 35; Betts v. Johnson et al, 73 S. W. 4.

It is therefore ordered that our former judgment in this cause granting the mandamus be, and the same is, hereby set aside. It is further ordered that the mandate heretofore issued out of this court in this cause be, and the same is, hereby recalled, and the application for the writ of mandamus is dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court April 5, 1944.