958

## COCKE v. SMITH, District Clerk.
### No. 8186.

Supreme Court of Texas.
April 5, 1944.

P. O. Lopp, of Dallas, for relator.

Claud C. Westerfeld, of Dallas, for respondent.

FOLLEY, Commissioner.

In the above cause Chas. M. Cocke, who was appointed independent executor under the will of Mamie A. Grubbs, deceased, filed an original application in this court for writ of mandamus to compel the District Clerk of Dallas County to furnish him a transcript of the proceedings in Cause No. 73320-E in the 101st District Court of Dallas County for use on appeal to the Court of Civil Appeals at Dallas, without requiring him to execute an appeal bond. At a former date we granted the writ of mandamus. 179 S.W.2d 954.

Upon further consideration of this matter by this court upon its own motion, we are of the opinion that we are without jurisdiction to grant such writ.

Article V, Section 3 of our Constitution, Vernon's Ann.St. provides, among other things, that "The Legislature may confer original jurisdiction on the Supreme Court to issue writs of quo warranto and manda-

mus in such cases as may be specified, except as against the Governor of the State."

Revised Statutes, Article 1733, reads as follows: "The Supreme Court or any Justice thereof, shall have power to issue writs of procedendo, certiorari and all writs of quo warranto or mandamus agreeable to the principles of law regulating such writs, against any district judge, or Court of Civil Appeals or judges thereof, or any officer of the State Government, except the Governor."

In the case of Travis County v. Jourdan, 91 Tex. 217, 42 S.W. 543, this court held that it did not have jurisdiction to issue a writ of mandamus against county officers nor any district officers, except a district judge. Under the above authority we are of the opinion that we were without jurisdiction to grant the writ of mandamus against the District Clerk in this case.

See also the following authorities: 28 Tex.Jur. 592 et seq.; Bostic v. County Judge of Rockwall County, 108 Tex. 421, 195 S.W. 186; Turner v. Cotton, County Judge, 93 Tex. 559, 57 S.W. 35; Betts v. Johnson et al., 96 Tex. 360, 73 S.W. 4.

It is therefore ordered that our former judgment in this cause granting the mandamus be, and the same is, hereby set aside. It is further ordered that the mandate heretofore issued out of this court in this cause be, and the same is, hereby recalled, and the application for the writ of mandamus is dismissed for want of jurisdiction.

Opinion adopted by the Supreme Court.