CHAS M. COCKE, INDEPENDENT TESTAMENTARY EXECUTOR, v. JOSIE BIRR.

No. A-112. Decided April 12, 1944.
(179 S. W., 2d Series, 958.)

*P. O. Lopp,* of Dallas, for appellant.

*Claude C. Westerfeld,* of Dallas, for appellee.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This cause is before the Supreme Court on certified questions from the Court of Civil Appeals for the Fifth District at Dallas. It is an aftermath of Cocke v. Smith, District Clerk, (Supreme Court, this volume 396, 179 S. W. (2d) 954. We will later refer to the case just cited and our opinion therein. The following are the facts concerning this case:

Mamie A. Grubbs died leaving a written will. This will bequeathed all of testatrix's property to her sister, Josie Birr, and named Chas. M. Cocke as independent executor thereof. Cocke, in due time, filed this will for probate in the County Court of Dallas County, Texas. Josie Birr filed a pleading in the probate proceedings by which she, in effect, sought probate of this will, but prayed that no independent executor be appointed, and that the estate be turned over to her without passing through the hands of the executor named in the will. The relief regarding the executor was based on the fact that the estate owned no debts. The county court probated the will, but in its probate order adjudged that there was no necessity for an administration. The probate order admitted the will to probate as a muniment of title only, but denied Cocke's prayer to be appointed in-

dependent executor. Cocke appealed the probate case to the District Court of Dallas County, but failed to file an appeal bond. On July 6, 1943, Josie Birr filed in the district court a motion to dismiss the case appealed to that court. Such motion set up the contention that the district court had acquired no jurisdiction, because Cocke had failed to file an appeal bond. On July 19, 1943, the district court sustained the motion to dismiss, and entered final judgment to that effect. At the time the judgment of dismissal was entered, Cocke gave notice of appeal to the Court of Civil Appeals at Dallas. On August 3, 1943, Cocke requested Pearl Smith, District Clerk of Dallas County, to prepare and deliver to him a transcript of the proceedings in the district court. The district clerk prepared the transcript, but on August 6, 1943, refused to deliver it to Cocke, unless he filed an appeal bond. On August 9, 1943, relator filed a petition for mandamus in the Court of Civil Appeals at Dallas to compel the district clerk to deliver to him the transcript in question. On August 13, 1943, the Court of Civil Appeals entered an order denying such mandamus. On August 23, 1943 Cocke filed a motion for rehearing in the Court of Civil Appeals. On October 1, 1943, the Court of Civil Appeals overruled such motion.

On October 15, 1943, Cocke filed an original proceeding in the Supreme Court, wherein he sought a mandamus against Pearl Smith to compel her to deliver to him the same transcript involved in the mandamus proceedings in the Court of Civil Appeals. On February 2, 1944, this Court rendered a judgment granting such mandamus (Clocke v. Smith, this volume 396, 179 S. W. (2d) 954.) On February 23, 1944, this Court overruled the motion for rehearing filed by Pearl Smith and Josie Birr.

As we understand, after this Court overruled the motion for rehearing in the mandamus proceeding in this Court, Pearl Smith promptly delivered to Cocke the transcript involved in such proceeding, being the same transcript involved in the mandamus proceeding in the Court of Civil Appeals.

On March 1, 1944, Cocke presented such transcript to the Court of Civil Appeals, together with an application for its filing as a record on appeal of the probate proceedings appealed from the district court by him.

With the record standing as above detailed, the Court of Civil Appeals has certified certain questions to this Court. It is stated in the certificate that the Court of Civil Appeals is withholding

consideration of a motion by Cocke to file the transcript in that court pending the answers of this Court to the questions certified. Such questions are as follows:

"(1) Relator having failed to file an application to this Court for extension of time for filing of the transcript within the specified periods provided in Rule 386, does Rule 5 enlarge his right to do so where good cause is shown?

"(2) Relator having failed to file transcript on appeal within the specified period provided in Rule 386, under the related circumstances, has the Court of Civil Appeals the power in the exercise of discretion to direct the Clerk to file the belated transcript?

"(3) Does Rule 5 enlarge the period of time for filing of transcript in appeals, as prescribed in Rule 386?"

On the 5th day of April, 1944, this Court discovered that it had no jurisdiction in the case of Cocke v. Smith, this volume 396, 179 S. W. (2d) 954, and of its own motion entered an order setting aside its former judgment and order in that case, and dismissed the same. This volume 403, 179 S. W. (2d) 958. This action was had after the filing of the above certified questions in this Court.

■ As already shown, the district clerk had delivered to Cocke the transcript here involved before this Court entered its judgment and order last above mentioned. In doing this, however, the clerk acted rightfully, even though this Court was without jurisdiction to mandamus her to do so. In this connection, we hold that the district clerk acted wrongfully in refusing to deliver this transcript to Cocke in the first instance, but acted rightfully in the second instance. As a part of this opinion we hold that Cocke was entitled to appeal the case represented by such transcript without filing an appeal bond. As to these matters we refer to the opinion of this Court in Cocke v. Smith, supra, and here readopt all the rulings of law contained therein, and make that opinion as regards such rulings a part of this opinion.

A correct answer to the questions presented by this certificate requires us to construe Rules 5, 386, and 437 of our Texas Rules of Civil Procedure. Such rules read as follows:

"Rule 5. Enlargment.—When by these rules or by a notice given thereunder or by order of court an act is required or al-

lowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion (a) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order; or (b) upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act; but it may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto."

"Rule 386. Time to File Transcript and Statement of Facts.—In appeal or writ of error the appellant shall file the transcript and statement of facts with the clerk of the Court of Civil Appeals within sixty days from the final judgment or order overruling motion for new trial, or perfection of writ of error; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript and statement of facts could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe."

"Rule 437. No Affirmance, Reversal or Dismissal for Want of Form or Substance.—A judgment shall not be affirmed or reversed on an appeal dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend such defects or irregularities, provided the court may make no enlargement of time prohibited by Rule 5 nor any enlargement of the time for filing transcript and statement of facts except as contemplated by Rule 386."

■ Rule 5, supra deals with the power of the courts to enlarge the time in which a given act is allowed to be done. It cannot be applied so as to authorize the extension of time for filing transcript in the Court of Civil Appeals. Under the express provisions of Rule 437, supra, that matter is governed exclusively by Rule 386, and Rule 5 has no application thereto.

■ As pertinent to this case, Rule 386, supra, provides that: "In appeal * ** the appellant shall file the transcript * * * with the

clerk of the Court of Civil Appeals within sixty days from the final judgment * * *; provided, by motion filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty day period, showing good cause to have existed within such sixty day period why said transcript * * * could not be so filed, the Court of Civil Appeals may permit the same to be thereafter filed upon such terms as it shall prescribe." It is our opinion that this rule exclusively governs and defines the time within which transcript relating to appeals from trial courts to courts of civil appeals can be filed. Under this rule, where no motion for new trial is filed, the appellant must file the transcript relative to his appeal within sixty days from the date of the final judgment. The appellant has an absolute right to file his transcript within such sixty-day period. If the appellant cannot comply with this sixty-day provision, or has good cause for not doing so within such period, he is entitled to an extension or extensions of time within which to file his transcript, but in order to obtain such extension or extensions of time he must file an original application therefor with the Court of Civil Appeals within the sixty-day period, or within a reasonable time, not exceeding fifteen days after the expiration of the sixty-day period named in the rule. Parks v. Purnell, 135 Texas 182, 141 S. W. (2d) 585. Unless an appellant is entitled to file his transcript under applicable provisions of Rule 386, he cannot file it at all. In this connection, we think the rule affords full protection for an appellant who cannot file within the primary term of sixty days, by allowing the courts of civil appeals to grant an extension or extensions of time therefor.

■ It cannot be successfully argued on Cocke's behalf that he should not be held to the letter of the provisions of Rule 386 on the ground that it would have been an idle gesture for him to have applied to a court for an extension of time to file his transcript when that court has ruled that he could not file it at all unless he had already filed an appeal bond. It appears that the Court of Civil Appeals made no such final ruling until after the maximum time for filing motion for extension of time under Rule 386 had expired. In this connection, we again call attention to the fact that final judgment was entered in the district court on July 19, 1943, and that the Court of Civil Appeals denied mandamus against the district clerk on August 23, 1943, and denied motion for rehearing filed by Cocke on October 6, 1943. We do not pass on what Cocke's rights would have been had the Court of Civil Appeals finally denied his application for mandamus before the expiration of the sixty-day period and fifteen-day periods named in Rule 386.

■ The proceeding for mandamus in this Court cannot be held to entitle Cocke to file this transcript, because the mandamus judgment has been set aside and the proceeding dismissed for want of jurisdiction. We do not pass on what the effect of such proceeding would have been had the judgment for mandamus entered therein been allowed to stand.

Cocke has filed in this Court and in this case a motion wherein he moves this Court to decline to answer the questions contained in this certificate. As grounds for such motion, Cocke alleges that within the sixty-day period provided by Rule 386 he filed a petition for mandamus in the Court of Civil Appeals, and in such petition he requested that court to give him an extension of time in which to file his transcript. No record evidence is furnished to this Court to support the above allegation contained in the motion to decline to answer. A motion to decline to answer is tantamount to a motion to dismiss. The certificate of the Court of Civil Appeals states:

"The judgment attempted to be appealed from having been entered in the trial court on July 19, 1943, and no application for extension for filing of the transcript having been presented to this Court within the sixty-day period, or within fifteen days thereafter, the Clerk of this Court declines to file the transcript presented to him on March 1, 1944, or 225 days after the final judgment was entered, without an order of this Court to do so."

We see no reason why Cocke could not properly have made a request for an extension of time in which to file this transcript in his petition for mandamus in the Court of Civil Appeals. We believe that the extension provisions of Rule 386 should be liberally construed and applied in favor of the appellant. In the condition of the record before us, however, we must accept the above-quoted statement made in the certificate.

The motion to refuse to answer the questions certified is overruled.

We answer all three questions certified, "No."

Opinion delivered April 12, 1944.