## COCKE v. BIRR.

No. 13567.

Court of Civil Appeals of Texas.

Sept. 22, 1944.

P. O. Lopp, of Dallas, for appellant.

Claud C. Westerfeld, of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from judgment of a district court of Dallas County, Texas, dismissing appellant's appeal from an order of the county court refusing to confirm appointment of Chas. M. Cocke as executor of the will of Mrs. Mamie Grubbs, for failure to file with the county clerk an appeal bond.

The will of Mrs. Grubbs devised all of her property, described in detail, to her sister, Mrs. Josie Birr, "with full power and authority to alienate, sell, exchange, or incumber any and all of said properties, in any way or manner she, the said Josie Birr, may desire", and at the death of Josie Birr any and all of said property not thus sold was to vest unconditionally, share and share alike, in four other named relatives of the deceased. The testator named Chas. M. Cocke executor of the will and directed that no bond or other security be required of him, and no action be had in the county court in the administration of the estate, other than to prove and record the will and return inventory and appraisement of the estate.

The will was duly probated as a muniment of title, and Josie Birr expressly empowered to take charge of the estate without further administration by the probate court, and, there being no creditors of the estate, and the property being vested unconditionally in Josie Birr, the judge of the probate court of Dallas County declined to confirm the appointment of Chas. M. Cocke as executor of the will; and, in effect, closed the administration. Appellant excepted to the order, gave notice of appeal, and presented the record of the proceedings to the district court without the filing of an appeal bond. The district court, on motion of the devisee, Josie Birr, entered judgment dismissing the cause for want of jurisdiction, thus denying to Chas. M. Cocke to be executor of the estate. Mr. Cocke excepted to the action of the district court, gave notice of appeal to this Court, and immediately requested the clerk of the district court to prepare and present him with a transcript, without the filing of an appeal bond to this Court. The district clerk refused the request; thereupon Mr. Cocke filed in this Court an application for writ of mandamus to compel the clerk to prepare and deliver to him a full and complete transcript of the record. On hearing of the application, this Court denied the mandamus, without written opinion, on the grounds: (1) That relator had never been appointed executor of the involved estate by the probate court of Dallas County; but, on the contrary, that court had denied such appointment; (2) that under the will of Mrs. Grubbs, the named executor was completely divested of all power to handle or manage the estate; (3) that the property of the estate vested in the devisee, Josie Birr, with express power and authority in her alone to "alienate, sell, exchange or incumber any and all of said properties in any way or manner she, the said Josie Birr, may desire", and that "no action be had in the county court in the administration of the estate other than to prove and record the will and return an inventory and appraisement of the estate"; and (4) that there were no debts due by or creditors of the estate. Hence the issue involved on appeal to this Court was one concerning Mr. Cocke personally rather than one concerning the estate, which required him to give an appeal bond.

Subsequently the relator filed further original application in the Supreme Court, moving and praying for writ of mandamus, as in the first instance in this Court. The Supreme Court granted the writ, compelling recognition of the appeal without bond, and directing the clerk of the district court of Dallas County to prepare and deliver to appellant the transcript without the necessity of filing of a bond for appeal. In obedience to such mandate, the clerk prepared and delivered the transcript; and, without moving and praying for extension of time for filing of the transcript, as provided by Rule 386, Texas Rules of Civil Procedure, promulgated by the Supreme Court, appellant (225 days after final judgment of the district court was entered) presented the enforced transcript to the clerk of this Court for filing, which the clerk refused to file without an order from this Court to do so. Thus, in the light of the circumstances as above related, we then deemed it advisable, for proper disposition of relator's right to extension of time to file the record for appeal, to submit to our Supreme Court three interrogatories decisive of the question involved; i.e., whether this Court, under the related circumstances, had the power in the exercise of discretion to direct the clerk to file the transcript.

Upon the filing of our certified questions in the Supreme Court, in which we related that the district clerk of Dallas County had, in obedience to its mandate, prepared and delivered the transcript to appellant, and that it was before this Court for filing; the Supreme Court then, when the enforced order had its effect, determined that it was without jurisdiction to mandamus a district clerk in such manner, withdrew its opinion inadvertently rendered, and directed its mandate returned (Cocke v. Smith, Tex. Sup., 179 S.W.2d 954, withdrawn; Id., Tex. Sup., 179 S.W.2d 958); and, in answering the certified question submitted, which involved no question affecting the subject matter of the appeal or the validity of the order of the probate court of Dallas County, the Supreme Court held that Courts of Civil Appeals have no discretion to allow filing of a belated transcript under the related circumstances; but, in this instance, the Court held that the transcript should be filed by the clerk of this Court; readopted, as the law of the case, its discarded opinion, supra, and, in an extra-judicial decision, held that appellant's appeal to the district court was duly perfected; that "* * * Cocke was entitled to appeal the case represented by such transcript without filing an appeal bond", and that the order of the probate court, which is not involved in this appeal and not certified to the Supreme Court for review, was invalid (Cocke v. Birr, Tex.Sup., 179 S.W.2d 958, 960). In the light of the Supreme Court's opinion that the transcript in this case should be filed, we ordered it done by the clerk of this Court.

The only question involved on this appeal challenges the action of the district court in dismissing the appeal from the county court for want of jurisdiction, without the posting of an appeal bond. The trial court did not pass on the validity of the order of the probate court, and such is not before this Court for review; hence we express no opinion as to its validity. The opinion of the Supreme Court, obviously being aside the record, is not binding upon this Court or the court below, as the law of the case. However, in deference to the expressed view of the Supreme Court that appellant was entitled to appeal the case represented by the transcript, without filing of an appeal bond in county court, the judgment of the court below is reversed and the cause remanded for trial on its merits.

Reversed and remanded.