## COCKE v. NAUMANN et al.

### No. 13631.

Court of Civil Appeals of Texas. Dallas.
May 18, 1945.

Rehearing Denied June 29, 1945.

P. O. Lopp, of Dallas, and J. S. Simkins, of Corsicana, for appellant.

Claud C. Westerfeld, of Dallas, for appellees.

BOND, Chief Justice.

This is an appeal by Charles M. Cocke, as independent executor of the es-

tate of Mamie A. Grubbs, deceased, without appeal bond, from an interlocutory order of a district court of Dallas County, Texas, refusing his motion to vacate the appointment of a receiver, and to set aside and dismiss a collateral injunction restraining him from interfering or intermeddling with properties turned over to the receiver, and from hindering such receiver in administration of the estate under orders of the court. The appeal is without a statement of facts; hence we must assume, except as against the record in this appeal and of prior litigations, of which we take notice, that the judgment of the court below is supported by pleadings and evidence, and that, in the exercise of the court's equitable powers, "the ends of justice" justified the appointment of the receiver and the injunction.

The history of prior litigations (Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 958; Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 958; Id., Tex.Civ.App., 182 S.W.2d 727) reveals that on May 11, 1943, Mamie A. Grubbs died, leaving a written will. This will bequeathed all of testatrix's property, in fee simple, to her sister, Josie Birr, "with full power and authority to alienate, sell, exchange or incumber any and all of said properties, in any way or manner she, the said Josie Birr, may desire", and provided that at the death of Josie Birr, any and all of said property not thus sold to vest "unconditionally", share and share alike, in four other named relatives of the deceased. The will named Charles M. Cocke an independent executor without bond, and directed that no action be had in the county court in the administration of the estate other than to prove and record the will and return inventory and appraisement.

On May 27, 1943, Mr. Cocke offered the will of Mrs. Grubbs for probate and applied to the court for confirmation of his appointment as executor. On June 21, 1943, the Probate Court of Dallas County admitted the will to probate, only as a muniment of title; denied the application of Mr. Cocke to be appointed executor; and appointed three disinterested persons to make inventory and appraisement of the estate, all of which was done. This order reached the Supreme Court on a collateral matter—whether or not Mr. Cocke as executor could appeal from the order without posting an appeal bond. The Supreme Court (Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 956), although without jurisdiction to decide (179 S.W.2d 958), said: "It is also settled that an independent executor named in a will is qualified to act independently of the probate court from the time the will appointing him is admitted to probate; that it is not necessary for him to formally accept his duties as an independent executor; and that taking the oath as an independent executor is not a necessary prerequisite to the possession and exercise of the duties and responsibilities of his office." (Citing authorities.) We adhered to the rule, and, on the strength of the holding, on hearing of the appeal involving the right of the executor to appeal without posting appeal bond, reversed and remanded the cause to the district court for its determination of the validity of the order. Cocke v. Birr, Tex. Civ.App., 182 S.W.2d 727. Thus, under the authority of the Supreme Court, the order of the probate court denying the appointment of Mr. Cocke as executor being void ab initio, he was vested with authority to execute all rights conferred upon him as executor since the date of probation of the will. As such executor, Mr. Cocke has failed to exercise any trust imposed, and, there being no debts or creditors of the estate, and the will vesting unconditional title in Josie Birr, with full power and authority in her to alienate, sell, exchange or incumber any and all of said properties in any way or manner she may desire, there have existed no trust duties resting upon the executor to perform.

The record in this appeal shows: On May 5, 1944, Josie Birr conveyed all of her personal estate, and that devised to her by the will of Mrs. Grubbs, to her sister, Mrs. August Naumann, in trust, to effectually carry out the terms of Mrs. Grubbs' will. On July 30, 1944, Josie Birr died, leaving a written will, naming therein her sister, Mrs. Naumann, independent executrix of her estate. The will was duly probated, as a muniment of title, and Mrs. Naumann qualified as executrix; and in the course of her administration, there being no debts or creditors of the estate, settled the trust estate on the legatees, appellees here.

On December 6, 1944, Mrs. Naumann, individually and as executrix of the estate of Josie Birr, deceased, instituted suit in the District Court of Dallas County for a temporary injunction to restrain Charles M. Cocke, executor of Mamie A. Grubbs' estate, from interfering with the estate of

Josie Birr, deceased. In limine, the court entered a restraining order effective only to December 15, 1944, and caused notice of the court's action to be given Mr. Cocke. Subsequently, on January 3, 1945, the death of Mrs. August Naumann was suggested to the court and, in consequence, the grantees, heirs and residuary legatees of herself, Mrs. Grubbs and Josie Birr, were substituted as plaintiffs; and in due time, by amended pleadings, sought title and possession of the estate, against Charles M. Cocke as executor; for partition thereof among themselves as joint owners of the involved property; for an order appointing a receiver to take charge of the properties, and an injunction permanently restraining the defendant from molesting or interfering with the receiver's possession, pending litigation.

On January 12, 1945, the court, without notice to the defendant Cocke, appointed J. M. Iley as receiver of the involved properties, and, collaterally thereto, issued a temporary injunction restraining Mr. Cocke from interfering with the receiver in the administration of said estate. On January 27, 1945, Mr. Cocke, as independent executor of the estate of Mamie A. Grubbs, having been advised of the order, filed motion to vacate the appointment of the receiver and the granting of the injunction. On hearing of the motion, the court, on February 15, 1945, entered the order from which this appeal is prosecuted.

Article 2250, R.C.S.1925, as amended in 1943, Vernon's Ann.Civ.Statutes, art. 2250, provides that:

"An appeal shall lie from an interlocutory order of the District, County Court at Law, or County Court:

"1. Appointing a receiver or trustee in any cause.

"2. Overruling a motion to vacate an order appointing a receiver or trustee in any case."

In this case, it will be seen that appellant gave notice of appeal on the order overruling his motion to vacate the appointment of the receiver; hence, in absence of an appeal bond, such notice perfected the appeal, unless it can be said that, under the facts of this case, he was required to post an appeal bond. The order making the appointment of the receiver had been entered for more than twenty days before the entry of the order overruling the motion to vacate the appointment of the receiver. Therefore, the motion and order for appeal came too late to perfect an appeal from the order making the appointment, and this appeal must be treated only as an appeal from the order overruling appellant's motion to vacate the appointment.

■ The petition of appellees is deemed sufficient under Art. 2293, R.C.S., to authorize the appointment of a receiver by the usages of equity; and, when the ends of justice so require, a receiver may be appointed for property in possession of an executor or administrator. Long v. Wortham, 4 Tex. 381; Giddings v. Steele, 28 Tex. 732, 733, 91 Am.Dec. 336; Jerrard v. McKenzie, 61 Tex. 40; Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076, 1078; Richardson v. McCloskey, Tex.Civ.App., 228 S.W. 323; Quintana v. Giraud, Tex. Civ.App., 209 S.W. 770; First State Bank of Bellevue v. Gaines, 121 Tex. 559, 50 S. W.2d 774; Pierce v. Pierce, Tex.Com. App., 235 S.W. 557; Fortune v. Killebrew, 70 Tex. 437, 7 S.W. 759. The petition being sufficient for the appointment of the receiver, and the order making the appointment being within the jurisdiction of the district court, appellant's points and assignments raised on this appeal, challenging the jurisdiction of the court and raising fundamental error of the court in making the appointment and granting the injunction without notice, present no error. Appellant's motion to vacate the order of appointment waived all questions incident to the regularity of the appointing order. Lauraine v. First Nat. Bank, Tex.Civ. App., 204 S.W. 1022; Leach v. Leach, Tex. Civ.App., 223 S.W. 287; Baptist Missionary and Educational Convention of Texas v. Knox, Tex.Civ.App., 23 S.W.2d 781; Grace v. Buhrman-Pharr Hdw. Co. et al., Tex.Civ.App., 45 S.W.2d 401.

■ In the light of the prior decisions that Mr. Cocke, as independent executor, has the right to appeal without bond where the litigation manifestly affects him personally and not for the benefit of the estate—no trust or fiduciary duties involved —the motion of appellees to dismiss the appeal for failure of appellant to post appeal bond is overruled. The judgment of the court below is affirmed.

### On Rehearing.

LOONEY, Justice.

The original opinion states that the appeal being without a statement of facts,

it was assumed, except as against the record of the prior litigation, of which the court took judicial notice, that the judgment below overruling appellant's motion to vacate the receivership was supported by pleadings and evidence; and further that, in the exercise of its equitable powers, the court was justified in entering the order from which the appeal was prosecuted.

In his motion for rehearing appellant refers to the statement that the case was appealed without a statement of facts, contending that this was error, in that, "there is now and has at all times been on file in this case as a part of the record on appeal a statement of facts * * *." There exists no real reason for any misunderstanding in regard to this matter. The statement in the original opinion is correct, as the record contains no statement of facts incident to the hearing on appellant's motion to vacate; however, as stated in the opinion, the court took judicial knowledge of the prior litigation between the parties which, among other things, contained a statement of the facts offered on the hearing had for a temporary injunction. This hearing was on December 14, 1944, and later, on February 23, 1945, the facts were certified to by the official court reporter and filed as part of the record in this case.

Appellant's main contention on rehearing is that the court below committed fundamental error in denying appellant's plea in abatement and plea to the jurisdiction. Seemingly, appellant relies largely upon the language of Judge Folley in Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 958, approved by Judge Critz in Cocke v. Birr, 142 Tex. 432, 179 S.W.2d 960, 961. We assume that Judge Folley stated the law correctly; however, it is perfectly obvious that he was speaking with reference to the limited statutory jurisdiction of the probate court over an independent executor, and, in our opinion, what he said there has no application whatever to the matter under consideration here, as we are considering a matter adjudicated by the district court in the exercise of its larger general law and equity jurisdiction. The language used by the Court of Civil Appeals in Cleveland v. Cleveland, 30 S.W. 825, 827, is typical of many expressions on the subject. The court said: "We do not agree with the appellants in the contention that the district court has no jurisdiction over

the estate or the executors of a person who has left a will withholding the administration of his estate from the courts except for mismanagement or fraud, for, if the estate has been fully administered, the distribution thereof will not be allowed to depend on the will of the executors, and the district court may properly exercise jurisdiction, invoked by any part owner of the estate, to require an exhibit of the conditions thereof by the executors, and make partition of the property among those entitled to it. * * *." In the same case, reported in 89 Tex. 445, 450, 451, 35 S.W. 145, 147, the Supreme Court said: "Under the law an independent executor would continue in discharge of the duties imposed by the will only so long as the nature of the trust required. No provision is made in this instrument for the continuance of the executors in office beyond the time necessary for the administration of the estate in the ordinary mode, and when the estate was fully administered the legatees had the right to demand a distribution. * * *." And in Jerrard v. McKenzie, 61 Tex. 40, 44, it was held that the district court had jurisdiction to entertain suit by the guardian of a minor legatee against an independent executor where all debts against the estate had been paid; among other things, the court said: "But, in our opinion, the district court, by virtue of its general powers, can, in a proper case, call the independent executor to account, and can compel him to surrender to the duly appointed guardian, property or funds of the ward which may be in his possession. * * *."

■ In the instant case, the only duty devolved upon the independent executor was to pay debts, as he was given no special power in regard to the management, control, or disposition of the properties belonging to the estate. It follows, we think, that as the court had jurisdiction of the main action by owners against the independent executor, as an incident thereto, the court was authorized on the showing made to appoint the receiver. Ample authorities on this point are cited in the original opinion.

However, appellant insists that the record discloses that Mamie Grubbs was indebted at the time of her death, and that many debts against the estate exist at this time. No particulars are given except with reference to a $100 attorney's fee alleged to have been allowed to a Mr. Field for prosecuting a claim against the Mamie

Grubbs estate. This matter originated long after the death of Mrs. Grubbs, and is in no sense a claim against her estate. It seems that prior to her death Mrs. Grubbs placed an installment note with Mr. George W. Works, attorney, for collection; he held the note at the time of her death, and continued to make collections thereon even after the death of the beneficiary, Josie Birr. After Mrs. Naumann came into the ownership of the property she requested Works to turn the note over to her, which it seems was not done; but, after her death, the ownership of the property having passed to others, Works filed an interpleader making the owners of the property and Mr. Cocke, Independent Executor, parties; deposited in court the note and the sum of $46.75 collected thereon, and prayed that the court determine to whom same should be delivered, that he be protected and allowed a reasonable attorney's fee, etc. This case was consolidated with the main case and has not yet been finally disposed of.

The litigation between appellant and the owners of the Mamie Grubbs estate has proceeded from the beginning on the idea that no debts existed against the estate justifying an administration; the probate court so held when the will was admitted to probate, as revealed in Cocke v. Smith, 142 Tex. 396, 179 S.W.2d 954, 955, 958. Later, in November 1944, appellant, as independent executor, filed an inventory in court showing the real and personal property belonging to the estate; also gave a list of claims against the estate aggregating $2,682.91, the largest item designated as "attorney's fees $2,000.00"; the other claims mentioned, consisting of funeral expenses, doctor's bills, insurance premiums, and other small items, were paid by the legatee soon after the death of Mrs. Grubbs, except the record is silent as to payment of three small claims aggregating only $18.94.

It was stated in written argument, and not denied, that the attorney employed to have the will probated was paid a fee of $100 by the legatee; so it would seem that the $2,000 attorney's fee listed by appellant was incurred by him in an effort to retain control and management of the estate. The estate unquestionably is solvent; the inventory filed by appellant lists as assets, cash in bank $697.32, and it was shown that the property yielded about $185 per month rent, which doubtless accounts for the item of "accumulated rents $4,160" listed by appellant as an asset of the estate, all of which conclusively shows that from the beginning the estate possessed liquid assets available for payment, on a day's notice, and that all claims listed by appellant have been paid except a claim of $2,000 attorney's fee, which is contested, and the right of appellant to make it a charge against the estate will be adjudicated on final trial of the cause.

Appellant insists, however, that the payment of debts did not constitute his whole duty; that he was likewise authorized to handle the estate, collect same, and look after it in every respect deemed necessary by him (see motion for rehearing, p. 4). We do not think so. In the will Mamie Grubbs directed that her debts be paid; gave all her property to her sister, Josie Birr, with full power of possession, control and disposition. Appellant was simply named independent executor, was not charged with any special duties, had no power or authority except such as is inherent in the position of independent executor, and, as there existed no reason for an administration, he had no duties to perform. In the case of Lanius v. Fletcher, 100 Tex. 550, 101 S.W. 1076, 1078, Judge Brown, speaking for the Supreme Court, among other things, said: "In that case there were no duties for the trustee to perform. He was simply the depository of the legal title, and this court held that under such conditions, upon application by the beneficiary, the court would close the trust. There was no unaccomplished object of the grantor to be defeated by such judgment. When a trustee has no duties to perform, the purposes of the trust having been accomplished, it becomes a simple, passive, or dry trust, as it is termed in law, and the cestui que trust is entitled to have the full legal title and control of the property, because no other person has an interest in the property." And it is stated in 34 C.J.S. Executors and Administrators, § 820, that: "The personal representative does not represent the estate where he resists an attack on his settlement, and hence costs are properly taxed against him personally; and the same is true of a representative who resists a suit by a beneficiary for the termination of his trust."

After a careful consideration, appellant's motion for rehearing is overruled.

LOONEY, Justice (dissenting in part).

As shown in the last paragraph of the original opinion by Mr. BOND, Chief Justice, the court overruled appellee's motion to dismiss the appeal for failure of appellant to post an appeal bond; this motion was based on the idea that resistance by the appellant to the termination of his trust relationship to the estate is purely personal, in no sense in a fiduciary capacity for the benefit of the estate, but rather for his personal benefit and against the best interests of the estate. If the court was correct in overruling the motion to dismiss the appeal, I am in perfect accord with the original decision and the reason therefor stated in the opinion of the Chief Justice; also am in accord with the disposition made of the case on rehearing, as shown in the opinion filed. However, on re-examination of the case on rehearing, I reached the conclusion that the court erred in overruling the motion to dismiss. I think the record shows that within the meaning of the statute no necessity existed for an administration when the will was probated, and none has existed since.

On the death of Mamie Grubbs, the sole legatee, Josie Birr, became vested with the property willed to her, and she was entitled to possess, manage and control same subject only to the rights of creditors and a proper administration for the purpose of paying debts. As independent executor, appellant had no duty to perform except to pay debts, notwithstanding his claim in the motion for rehearing that the payment of debts did not constitute his sole duty, and that he was likewise authorized to handle the estate, collect same and look after it in every respect deemed necessary by him. The management of an estate by an independent executor is none the less an administration under the law, and if no necessity exists, the executor has no duty to perform; in other words, as stated by Judge Brown, he is trustee of a simple passive or dry trust. The payment of claims against the estate by the legatee soon after the death of testatrix, freed the estate of debts and obviated all pretense of · any necessity for an administration. If the executor has any proper charges against the estate, such as the attorney's fee that he claims, or others, the same may properly be adjudicated on final trial of this cause; but his continuous opposition to the closing of this estate obviously is personal and for personal ends, and not in the interest of the estate. I therefore think, as in any other ordinary litigation, he should have filed an appeal bond and is not entitled to the statutory immunity given an independent executor. The motion to dismiss, in my opinion, should have been sustained.