6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00037-CV


______________________________





IN RE:


WILLIAM R. SHORE, JR.








 
 

Original Mandamus Proceeding







 
 



Before Morriss, C.J., Ross and Carter, JJ.

Opinion by Justice Ross



O P I N I O N


 This is a mandamus proceeding in which William R. Shore, Jr., independent
executor of the estate of Mary Ann Bean, deceased, asks us to direct the Honorable
Darrell Hyatt, judge of the County Court at Law of Rusk County, to stop his efforts to
finalize the probate proceedings concerning Bean's estate. Specifically, Shore asks this
Court to prevent the judge from ordering the independent administration of the estate
closed, enforcing his order to partition real property of the estate, and directing payments
to be made of oil and gas revenues to various devisees under Bean's will.

 Shore is also a devisee under the will. The will was admitted to probate June 21,
2000. Over a year later, on September 27, 2001, the other three devisees, the real parties
in interest, filed a petition seeking a declaratory judgment and order for partition and
distribution of the estate. That petition was granted February 20, 2002, and Shore was
given thirty days to comply. In that declaratory judgment, among other things, the judge
found that a portion of the will and its codicils transferring real property to Shore failed for
lack of specificity. Shore appealed from that judgment, but did not file a supersedeas
bond. That appeal is now pending in this Court, in cause number 06-02-00071-CV.

 On April 12, 2002, the other three devisees filed a motion to enforce the judgment. 
Shortly thereafter, they filed a motion for rehearing on the motion to enforce. A hearing on
the motion was conducted six months later, on January 16, 2003. The judge scheduled
a hearing for March 12, 2003, to enter an order from that hearing. Shore then filed this
mandamus proceeding asking this Court to stop the judge from proceeding further on the
case, contending the case has been frozen in place by his pending appeal, and to prevent
the judge from proceeding further with an order that would have the effect of removing the
property from the estate. Pursuant to Shore's request, we temporarily halted all
proceedings in the trial court concerning this estate, pending disposition of this mandamus
proceeding.

 The parties agree that the controlling statute in this case is Tex. Prob. Code Ann.
§ 29 (Vernon 2003). That statute reads as follows: "When an appeal is taken by an
executor . . . no bond shall be required, unless such appeal personally concerns him, in
which case he must give the bond."

 Although both parties agree that the effect of the lack of a supersedeas bond on the
appeal in this context is controlled by the statute, they disagree about which part of the
statute controls. Shore argues the first phrase of the statute controls and, therefore, he,
as executor, did not need to file a bond to suspend the order during his appeal. The other
three devisees argue that the second phrase controls, because although the appeal was
clearly taken by an executor, this executor does have a personal and monetary interest in
the outcome of the appeal. They argue that, because this appeal involves the amount of
money Shore will personally obtain as a result of the final distribution of the estate, it
therefore "personally concerns him."

 We will issue a mandamus only when the record establishes (1) a clear abuse of
discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). Mandamus is an extraordinary remedy that
will issue only to correct a clear abuse of discretion or, in the absence of another statutory
remedy, when the trial court fails to observe a mandatory statutory provision conferring a
right or forbidding a particular action. Abor v. Black, 695 S.W.2d 564, 567 (Tex. 1985).

 The question presented by this mandamus is whether we should direct the trial court
to treat this aspect of the proceeding as halted in the same manner as it would be had a
supersedeas bond been filed, and to refrain from continuing with the underlying probate
proceedings, pending the outcome of the appeal. 

 Caselaw on this topic is sparse. Shore relies on a series of cases beginning with
Cocke v. Naumann, 188 S.W.2d 781, 783 (Tex. Civ. App.-Dallas 1945, writ ref'd w.o.m.),
holding that an independent executor has the right to appeal without bond even in cases
where the litigation affects him personally. Cocke itself is unpersuasive. There, the court
explicitly stated it was permitting Cocke to appeal without bond-although the litigation
obviously affected him personally and no trust or fiduciary duties were involved-because
of the earlier mandamus ruling of the Texas Supreme Court in Cocke v. Smith, 142 Tex.
396, 179 S.W.2d 954 (1944). In Smith, the court acknowledged the two then-controlling
statutes: one providing that a named executor who was acting in that fiduciary capacity
in an appeal was not required to give an appeal bond; the other requiring that, when an
appeal is taken by an executor, no bond was required unless the appeal personally
concerned him. 

 At the time of these cases, two statutes existed. The statute referring to fiduciary
responsibilities no longer exists. However, the "personally concerns" language was
imported into the current Section 29. 

 The statute as it exists under the present Probate Code does not categorically state
that an appeal taken by an executor in the exercise of his or her duties as executor, but
also taken from an order that affects the amount he or she would receive under the will (as
this one does), may be appealed without the necessity of posting a supersedeas bond. 
As a result, the caselaw application of both the current statute and its predecessors has
not always been clear. 

 In Powell's Estate v. Mackey, 219 S.W.2d 156 (Tex. Civ. App.-Fort Worth 1949, writ
ref'd), the court held that an order removing an administrator personally concerned him and
dismissed the appeal because no appeal bond was filed. 

 In Luce v. Luce, 559 SW.2d 369 (Tex. Civ. App.-Austin 1977, no writ), the Austin
court looked at the then newly-enacted probate code, and read into Section 29 the
language from the prior statute that was omitted in the new code, to support its conclusion
that a cost bond is required unless an appeal is taken by the executor in his or her fiduciary
capacity. The court then held that, because the appellant was appealing from an order
personal to her-removal as administrator-she was required to file a cost bond. 

 The Fort Worth court has held that, just because an administrator is also a devisee
under the will, it does not necessarily mean an appeal by such administrator personally
concerns him or her. In Latham v. Allison, 560 S.W.2d 481 (Tex. Civ. App.-Fort Worth
1977, writ ref'd n.r.e.), an administrator appealed in his representative capacity on behalf
of an estate in an attempt to establish the estate's claims to certain property. In concluding
this administrator was not "personally concerned," the court distinguished Roberts v.
Roberts, 405 S.W.2d 211 (Tex. Civ. App.-Waco), writ ref'd n.r.e., 407 S.W.2d 772 (Tex.
1966). 

 In Roberts, the administrator of her mother's estate was also a devisee under a July
1962 will. After her appointment, the probate court ordered that a November 1962 will
(which could not be produced) be admitted to probate. Under the November will, the
administrator was still a devisee, but would receive a lesser share. She appealed, and the
Waco court ruled that the attempted appeal to determine which will would control
personally concerned her and required her to file an appeal bond in order to perfect an
appeal. 

 The Fort Worth court reasoned that in Roberts the administrator had a personal
interest in having a particular will admitted to probate, since she would receive a larger
share of her mother's estate under the earlier will. But, in Latham, the administrator was
acting within the scope of his responsibilities in an attempt to establish the estate's claims
to certain property. To the Fort Worth court, the fact that the administrator was also one
of the devisees did not mean the appeal "personally concerns him" within the meaning of
Section 29. 

 It is apparent in Latham, however, that an increase in the estate's property would
necessarily affect the amount the administrator as a devisee would take through probate. 
To this extent, the administrator in that case was "personally concerned" in the same way
as the administrator in Roberts. Likewise, the administrator in Roberts had a duty, in that
fiduciary capacity, to pursue the appeal regardless of whether it personally affected her,
in the same way the administrator in Latham had that same duty. In both cases, however,
a successful appeal would result in an increase in the proportionate share of the estate 
each respective administrator would personally recover. In our view, that situation made
each of them "personally concerned" within the meaning of Section 29.

 Shore relies on Vineyard v. Irvin, 855 S.W.2d 208 (Tex. App.-Corpus Christi 1993,
orig. proceeding), as support for his position that, although he is a devisee under the will,
as well as the executor, he was not required to file a bond to supersede the judgment. In
that case, coexecutors sought mandamus relief. The trial court had refused to permit them
to file a supersedeas bond. The appellate court found this to be error, but then went on
to review the relators' additional argument that they were not required to file a supersedeas
bond at all. The court concluded, pursuant to Section 29 of the Probate Code that, where
the executors were attempting to appeal from an order that estate property be sold to
satisfy a judgment, they were not required to file a supersedeas bond. The opinion does
not indicate, however, whether the executors were also devisees under the will.

 In the instant case, Shore is not attempting to establish the estate's claim to property
or to prevent the sale of estate property. He is appealing a ruling concerning the
disposition of the estate's property among all the devisees under the will. As such, it is
clear that, if he is successful in that appeal, it will result in an increase in his proportionate
share of the estate. 

 The activities taken so far in the instant case revolve around a judgment declaring
that certain property does not pass under specific provisions of the will and codicils, but
instead passes under a residuary clause. That judgment is contrary to the executor's
position that the property should pass under the provisions of the will and codicils, not
under the residuary clause. If the executor were not a devisee under the will, there is no
doubt that, under the authorities cited above, this would not be considered a matter that
"personally concerns" him. However, a determination of the appeal in his favor will clearly
increase the proportionate amount he will receive under the will. 

 These facts make this case analogous to Roberts. Just as the administrator in
Roberts had a personal interest in having a particular will admitted to probate, so does
Shore have a personal interest in what will/codicils provisions apply. We therefore
conclude that the language of Section 29 does not excuse Shore from the necessity of
filing a supersedeas bond to prevent execution of the underlying judgment. 

 We deny the petition for writ of mandamus and set aside our order dated March 12,
2003, staying all proceedings in the underlying case.



 Donald R. Ross

 Justice



Date Submitted: May 13, 2003

Date Decided: May 14, 2003




e, where the admission of a will to probate has been
contested on the basis of a lack of testamentary capacity, the burden remains on the proponent of the
will, even with a self-proven will, to prove testamentary capacity of the testator. The
uncomplained-of finding that there was no evidence of the requisite testamentary capacity of the
testator when the codicil was signed doomed its acceptance as the decedent's last will and testament. 
Therefore, due to a failure in the required proof of testamentary capacity, the codicil was rejected for
probate. The rejected codicil was the only possible means under these fact circumstances for the
revival of the April 30, 2002, will because the prior will had otherwise been revoked by the
holographic will dated September 9, 2002.

REFUSAL OF TRIAL COURT TO PERMIT THE MAKING OF A BILL OF EXCEPTIONS

 After both parties had closed their respective cases and the trial court announced from the
bench the gist of its rulings, Patricia sought permission of the court to reopen in order to call an
additional witness, one which dealt with the handwriting on the purported holographic will dated
July 7, 2004.

 Immediately following this request, the following exchange occurred:

 [COUNSEL FOR OPPONENT]: Your Honor, we object to that because
that was supposed to be part of his case-in-chief that he rested on.

 

 [COUNSEL FOR PATRICIA]: Yes, Your Honor. But she [referring to
the requested witness] is here, and I would like to offer her up on a bill. 

 

 THE COURT: Deny your request.

 

 [COUNSEL FOR PATRICIA]: Thank you, Your Honor. I'll file the
appropriate motion.


 As can be seen from this exchange, the record does not definitively show whether the trial
court intended to deny Patricia the ability to reopen the testimony, to deny the request to make a bill,
or both. 

 In a trial before the court, "When it clearly appears to be necessary to the due administration
of justice, the court may permit additional evidence to be offered at any time." Tex. R. Civ. P. 270
(emphasis added). As is obvious with the use of the word "may" in this rule, a trial court has wide
discretion to refuse to go outside the usual format of a trial and allow a reopening of a case after a
party has announced that it has closed. It has long been settled that after having rested his case, the
right of a party to reopen it and introduce additional evidence is a question addressed to the sound
discretion of the trial court. Binford v. Snyder, 144 Tex. 134, 189 S.W.2d 471, 476 (1945); Turner
v. Lone Star Indus., Inc., 733 S.W.2d 242, 245 (Tex. App.--Houston [1st Dist.] 1987, writ ref'd
n.r.e.). Patricia not only had announced that she had closed her case and waited until after her
opponent had responded, she waited until after the trial court had made an oral pronouncement of
its ruling before asking for permission to reopen her presentation of evidence. 

 However, Patricia does not complain that the trial court erred in refusing to allow her to
reopen the case at that time. Rather, she complains that the court erred in refusing to allow her to
make a bill of the evidence that she intended to proffer if allowed to reopen. 

 The right exists to make bill of exceptions to preserve complaints regarding matters arising
at trial (see Tex. R. App. P. 33.1 and Tex. R. Evid. 103(b)) and there is no discretion afforded the
trial court in permitting it. Nevertheless, as pointed out above, at the time Patricia asked to be
permitted to make a bill of exceptions, the trial court had already announced its ruling from the
bench and it had exercised its discretion to refuse to allow Patricia to reopen her case. The trial had
been concluded. Accordingly, the trial court made no error in denying Patricia the right to make a
bill of exceptions. 

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: August 11, 2008

Date Decided: September 30, 2008

1. The date of September 6, 2002, is indicated at the top of this holographic will, but it is
signed and dated September 9, 2002, at the end of the document.
2. Although this point of error does not comply with briefing requirements, we construe it
liberally and deal with the issues presented. See Tex. R. App. P. 38.9.